Joseph A. FABIANICH, Appellant,

v.

UNITED STATES of America, Appellee.

Mary E. FABIANICH, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 16784, 16785.

United States Court of Appeals District of Columbia Circuit.

Argued March 19, 1962.

Decided May 10, 1962.

Mr. Stanley M. Dietz, Washington, D. C., for appellants.

Mr. Daniel A. Rezneck, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Nathan J. Paulson and Victor W. Caputy, Asst. U. S. Attys., were on the brief, for appellee. Mr. Judah Best, Asst. U. S. Atty., also entered an appearance for appellee.

Before BAZELON, WASHINGTON and BASTIAN, Circuit Judges.

PER CURIAM.

Appellant Joseph Fabianich was convicted by a jury on three different counts (Counts 1, 4 and 8) of violating the Mann Act, 18 U.S.C. § 2421 (1958), and two counts (Counts 3 and 7) under a provision of the District of Columbia Code, D.C.Code § 22–2707 (1961), dealing with the receipt of money for arranging for acts of prostitution. Appellant Mary Fabianich was convicted on four Mann Act counts (Counts 2, 4, 6 and 9) and one count (Count 5) of violating D.C. Code § 22–2707. Sentences of one to three years were imposed on Joseph Fabianich, to run concurrently on Counts 1, 7 and 8; similar sentences were imposed on Count 3 (consecutive to Count 1), and on Count 4 (consecutive to Count 3). Mary Fabianich was similarly given concurrent sentences of one to three years on Counts 2, 6 and 9, and sentences of one to three years each on Count 4 (consecutive to Count 2) and Count 5 (consecutive to Count 4).

Appellants' primary argument here is that they were denied a fair trial because of certain actions of the court and the Assistant United States Attorney below. We have examined the record, however, and find that the conduct of the trial fell within permissible limits.

Appellants further claim that the court erred in denying Mary Fabianich's motion for acquittal on Counts 4, 6 and 9, and Joseph Fabianich's motion for acquittal on Counts 1, 7 and 8. The convictions on Counts 4, 6 and 7 are clearly valid. Under the doctrine of Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943), taking into consideration the convictions on the remaining counts not challenged by the motions for acquittal, the sentences must be sustained.

We have considered appellants' other contentions and find no error.

Affirmed.