**Sam MISHAN, Appellant,**

**v.**

**UNITED STATES of America,
Appellee.**

**No. 21746.**

United States Court of Appeals
Fifth Circuit.

May 20, 1965.

E. David Rosen, Miami, Fla., for appellant.

Arnold D. Levine, Sp. Asst. U. S. Atty., Miami, Fla., Edward F. Boardman, U. S. Atty., Tampa, Fla., for appellee.

Before TUTTLE, Chief Judge, BELL, Circuit Judge, and DYER, District Judge.

PER CURIAM.

Appellant stands convicted of two counts of mail fraud in violation of 18 U.S.C.A. § 1341 and of conspiracy to commit mail fraud in violation of 18 U.S.C.A. § 371. He was sentenced to six months on each substantive count, the sentences to run concurrently, and to three years probation on the conspiracy count.

Appellant is the owner of a ladies clothing store in Miami, Florida, which was heavily damaged by fire in October, 1958. Count Three of the indictment charged that appellant devised a scheme to defraud various fire insurance companies by representing the loss from the fire to be approximately $165,000, knowing such representation to be false, and that for the purpose of executing this scheme, he deposited in the mails a claim of loss for this amount. Count Four charged that for the purpose of executing this same fraudulent scheme, appellant caused the insurance companies to mail a letter to him rejecting his claim. Count Five charged that appellant conspired with Joseph Adjmi and others to commit the mail fraud offense set forth in Count Three.

On this appeal, appellant contends that the evidence on all counts was insufficient to take the case to the jury and that Count Four fails to charge an offense under the mail fraud statute. We have carefully reviewed the record and conclude that the evidence was sufficient to sustain the conviction. As to the substantive counts, the evidence shows that appellant represented the value of certain linens damaged in the fire at $145,000, whereas insurance adjusters appraised their value at only $14,000. Further, the jury could have concluded from the testimony of one of appellant's employees that some of the linens were not in the store at the time of the fire. With respect to the conspiracy, the greater portion of the linens which appellant represented to be worth $145,000 were obtained from J. & C.A. Corporation through the Adjmis under a contract representing $141,675 as the sales price, and appellant was able to procure additional insurance coverage only after Joseph Adjmi agreed to guarantee his check for a part of the initial premium. This and other evidence was sufficient to make out the conspiracy charged.

Since the sentence under Count Four runs concurrently with that imposed under Count Three, and since we here hold that the conviction under Count Three is valid, it is unnecessary to consider appellant's further contention that Count Four fails to charge an offense. Hirabayashi v. United States, 1943, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774; Fabianich v. United States, D.C.Cir., 1962, 302 F.2d 904; Clark v. United States, 4 Cir., 1959, 267 F.2d 99.

Affirmed.