Robert W. MUIR, Sr., Appellant,

v.

UNITED STATES of America,
Appellee.

No. 22210.

United States Court of Appeals
Fifth Circuit.

Feb. 28, 1967.

Robert L. Gibson, Jr., Woolfolk, Myers, Curtis, Newman & Craig, Lake Wales, Fla., for appellant.

Mahlon M. Frandhauser, Sp. Asst. U. S. Atty., Washington, D. C., William A. Meadows, Jr., U. S. Atty., Lloyd G Bates, Jr., Asst. U. S. Atty., Miami Fla., David B. Bliss, Sp. Counsel, P. Dennis Belman, Atty., Div. of Trading and Markets, S. E. C., Washington, D. C., of counsel, for appellee.

Before TUTTLE, Chief Judge, and BELL and GOLDBERG, Circuit Judges.

TUTTLE, Chief Judge:

This is a companion case to the appeal of Gradsky v. United States, 5 Cir., 373 F.2d 711, decided this day. Unlike Gradsky, Muir was initially involved in the Inter-City Acceptance Corporation, the company organized by Zane and Gilmore and Leon Gradsky. He became an officer of Inter-City in February, 1959. He later became an officer in Franklin Fidelity and Franklin Acceptance Corporation, and the jury could believe that he was actually a managing officer of these two companies through the last relevant date named in the indictment dealing

with the alleged scheme to defraud and the alleged conspiracy.

Muir's only objections on this appeal are that the trial court admitted into evidence some damaging documentary evidence received by numerous of the "investors" which did not bear Muir's signature and some of which did not bear any hand-written signature.

■ It is clear that in each case in which the disputed evidence was received by the trial court, the documents tendered and introduced in evidence were part of a series of correspondence or negotiations between an individual investor and one of the companies which the jury found to have been involved in a fraudulent scheme. Since there was ample evidence from which the jury could find that Muir was responsible for all of the acts engaged in by Inter-City, and Franklin Finance and Franklin Acceptance Company, it is unimportant that he personally did not sign the documents in issue. The jury could consider the evidence of this kind, even though it bore no signature, but had been entirely in printed form, once it was established that the investor received the document as a part of a series of correspondence with the companies which they had made their ill-advised investments.

■■ Moreover, there was much additional documentary evidence of a similar type introduced as against Muir dealing with his own participation in the activities of the three companies, and, indeed, some of these questioned documents were enclosed in letters actually signed by Muir. These documents were cumulative. If there was any error in the admission of these documents, this error was harmless. United States v. Castelona, 2nd Cir., 349 F.2d 264, cert. denied 383 U.S. 928, 86 S.Ct. 935, 15 L.Ed.2d

847. The fact that two of the questioned documents were admitted in connection with testimony of the witness who testified as to the facts in Count Nine, on which the jury found Muir guilty, does not add to the materiality or the prejudicial effect of the alleged error, because Muir was also convicted on two other counts, each of which is free of the alleged taint and each of his three sentences was for one year, and they were to run concurrently. This court, in Mishan v. United States, 5 Cir., 345 F.2d 790 at 791, stated the well-settled rule that it is unnecessary to consider alleged errors as to one count, when there are other good counts on which the defendant was given a concurrent sentence.

Appellant does not complain of the argument of counsel dealing with the vouching by the Government for the witnesses Zane and Gilmore, which was the basis of this court's reversal of Gradsky's conviction. Their testimony played no part in Muir's conviction, since his conviction was based upon testimony dealing with his own actions in the companies of which he and Bennett were the operating parties.

■ There was ample evidence to warrant submission of Muir's case to the jury. Apparently the trial court in sentencing Muir to three concurrent one-year sentences, took into consideration the fact that Muir was only an employee who apparently received nothing but his salary in return for his fraudulent conduct, thus distinguishing him from others who received longer terms because the jury could find in their cases that they participated in dividing up the spoils of the fraud in a more substantial manner.

The judgment is affirmed.