Epifanio TRUJILLO, Appellant,

v.

UNITED STATES of America, Appellee.

No. 23850.

United States Court of Appeals
Fifth Circuit.

May 18, 1967.

---

7. 3 Cir., 246 F.2d 200, cert. denied, 356 U.S. 933, 78 S.Ct. 774, 2 L.Ed.2d 762.

8. 246 F.2d at 202.

Prof. Paul Rothstein, Prof. Joel Finer, Austin, Tex., for appellant.

James R. Gough, Asst. U. S. Atty., Morton L. Susman, U. S. Atty., Fred L. Hartman, Carl Walker, Jr., Asst. U. S. Attys., Houston, Tex., for appellee.

Before HUTCHESON, AINSWORTH and DYER, Circuit Judges.

HUTCHESON, Circuit Judge:

The question for determination is whether a guilty plea may be accepted in a federal district court without the defendant first being informed that conviction upon a plea of guilty to the offense for which he is charged will render him ineligible for parole. We decide that the defendant need not be advised of the unavailability of parole, and affirm the judgment.

Appellant Trujillo and co-defendant Perez were indicted on three counts. The first count charged them with transporting and concealing marijuana, 21 U.S.C. Sec. 176a; the second with failure to pay the transfer tax on the sale of marijuana, 26 U.S.C. Sec. 4744(a); and the third with unlawful sale of marijuana, 26 U.S.C. Sec. 4742(a).

At the arraignment on April 26, 1965, each defendant was represented by retained counsel. Each pleaded guilty to counts one and two. Arraignment on count three was deferred. Appellant was informed by the judge that conviction on count one carried a mandatory minimum sentence of five years. He replied he had not been aware of the mandatory sentence, and was allowed to change his plea to not guilty. Count one was later dismissed by the government.

Next appellant was arraigned on count three to which he pleaded guilty. He adhered to his guilty plea after being advised that under this count he would receive the mandatory five-year sentence and could not get probation.[1] He was not advised in any manner as to the possible sentence under count two.

Appellant and Perez were not sentenced until a week later. Although the judge stated to Perez that he would not be eligible for parole,[2] the judge did not

---

1. The judge explained the range of possible punishments in this way: "Under that one, the least I can give you is five years, see. I can't give you probation. I can sentence you up to 20 years in the penitentiary and fine you up to $20,000.-00. Now, knowing that—no probation, see. Five years is the least I can give you."

2. The judge said to Perez: "And when you get five years in a marijuana case, you don't get no parole. You don't get off at the end of one-third of your sentence, like you do in other cases. You have to serve it."

turn to address appellant personally and similarly advise him. Appellant was sentenced to 10 years on count two and 10 years on count three, the sentences to run concurrently. By way of a Sec. 2255 motion to vacate sentence, appellant insists he should have been informed prior to the entry of his plea that upon conviction of the offense charged in count three he would not be eligible for parole.[3]

■ F.R.Crim.P. 11 provides in pertinent part that the court "shall not accept [a plea of guilty] without first determining that the plea is made voluntarily with understanding of the nature of the charge." This rule generally is interpreted to mean that the defendant should understand the "consequences of the plea." See, e. g., Meaton v. United States, 328 F.2d 379, 380–381 (5th Cir. 1964), cert. denied, 380 U.S. 916, 85 S.Ct. 902, 13 L.Ed.2d 801 (1965); Kadwell v. United States, 315 F.2d 667, 669 (9th Cir. 1963). Indeed, Rule 11 was amended to include that phrase effective July 1, 1966, so as "to state what clearly is the law." Advisory Committee's Note, 8 Moore's Federal Practice 7 (1966 Supp.). Thus the issue here is whether ineligibility for parole is a consequence of the plea about which a defendant must be informed.

■ At the outset the government argues that appellant is foreclosed from contending he was not cognizant of his ineligibility for parole, on the ground that he overheard the judge's statements to Perez concerning parole. However, it is not disputed that the statements were made while the judge was speaking to Perez over a week after the guilty pleas had been accepted. We are of the opinion that on the basis of these statements appellant cannot be charged with the knowledge, at the time he entered his guilty plea, that he would be ineligible for parole.

That resolution of the question before us is not free from difficulty is evidenced by a split of authority among other courts. Compare Smith v. United States, 116 U.S.App.D.C. 404, 324 F.2d 436 (1963), cert. denied, 376 U.S. 957, 84 S.Ct. 978, 11 L.Ed.2d 975 (1964), with Munich v. United States, 337 F.2d 356, 361 (9th Cir. 1964). These two cases are the only ones found which are directly on point; others cited by appellant are inapposite.[4]

It is obvious that while a defendant is entitled to be informed to the end that he will understand the nature of the charge, it is not necessary to this end that he be advised of every "but for" consequence which follows from a plea of guilty. For example, a defendant need not be told: that as a convicted felon he would lose his passport and be denied foreign travel, Meaton v. United States, 328 F.2d 379 (5th Cir. 1964) (per curiam), cert. denied, 380 U.S. 916, 85 S.Ct. 902, 13 L.Ed.2d 841 (1965), or, if an alien, become subject to deportation, United States v. Parrino, 212 F.2d 919 (2d Cir.), cert. denied, 348 U.S. 840, 75 S.Ct. 46, 99 L.Ed. 663 (1954); that a plea of guilty to a technical violation of

3. 26 U.S.C. Sec. 7237(d) provides that upon conviction of a 26 U.S.C. Sec. 4742 (a) offense, charged in count three, the imposition or execution of sentence shall not be suspended, probation shall not be granted, and 18 U.S.C. Sec. 4202, which in general allows the release of a federal prisoner after he has served one-third of a sentence of a definite term, shall not apply.

4. In United States v. Diggs, 304 F.2d 929 (6th Cir. 1962) (per curiam), the argument concerning advice with respect to ineligibility for parole was made but the court refused to consider the question on the ground that it was not properly before the court for review. In Heiden v. United States, 353 F.2d 53 (9th Cir. 1965), the court held that the failure to make the ascertainment of understanding at the time of arraignment and waiver of counsel in itself required vacation of sentence. We do not express an opinion with respect to Heiden, see Rimanich v. United States, 357 F.2d 537, 538 n. 1 (5th Cir. 1966), and it is cited merely to show that it is distinguishable from the instant case.

the Mann Act may later bar him from voting, United States v. Cariola, 323 F.2d 180 (3d Cir. 1963); or that a plea of guilty in a civilian court to burglary may result in an undesirable discharge from the Air Force, Redwine v. Zuckert, 115 U.S.App.D.C. 130, 317 F.2d 336 (per curiam).

The appellant was apprised of the mandatory minimum sentence, the maximum possible sentence, and the maximum possible fine. Through this information he well understood "the range of allowable punishments", Von Moltke v. Gillies, 332 U.S. 708, 724, 68 S.Ct. 316, 92 L.Ed. 309 (1948), and the consequences of his plea. See United States v. Cariola, supra, 323 F.2d at 186. As to the contention that he should have been even further enlightened with respect to the unavailability of parole, we quote with approval from Smith v. United States, supra:

> "It will not be suggested by anybody that, before accepting a plea of guilty to an offense with respect to which parole is a possibility, the judge must determine whether the defendant understands the nature of parole, his eligibility therefor, and the circumstances in which it may thereafter be granted. The reason is, of course, that eligibility for parole is not a 'consequence' of a plea of guilty, but a matter of legislative grace. It is equally true that noneligibility for parole is not a 'consequence' of a plea of guilty * * *; rather, it is a consequence of the withholding of legislative grace." Id. 324 F.2d at 441.

We therefore conclude that the judge was not required to inform appellant of ineligibility for parole upon conviction of the offense charged in count three. Since there is thus a good count on which appellant was given a concurrent sentence, we need not consider alleged errors as to count two. See Mishan v. United States, 345 F.2d 790, 791 (5th Cir. 1965).

The judgment is affirmed.