**Ernest SANCHEZ, Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

**No. 27278.**

United States Court of Appeals
Fifth Circuit.

Oct. 9, 1969.

Ernest Sanchez, pro se.

Ted Butler, U. S. Atty., San Antonio, Tex., Romualdo Cesar Caballero, Asst. U. S. Atty., El Paso, Tex., for defendant-appellant.

Before BELL and GOLDBERG, Circuit Judges, and ATKINS, District Judge.

GOLDBERG, Circuit Judge:

This is an appeal from the denial of a motion to vacate sentence under 28 U.S.C.A. § 2255. Defendant, Ernest

Sanchez, pleaded guilty on March 10, 1966, to one count of illegal importation of marihuana into the United States, 21 U.S.C.A. § 176a,[1] and was sentenced to seven years in prison. Prior to accepting his plea of guilty, the trial judge informed him of the nature of the charge against him and of the penalties he might incur. The judge instructed defendant that a conviction for illegal importation of marihuana under § 176a carried a minimum mandatory penalty of five years in prison and a maximum penalty of twenty years in prison plus a fine of $20,000. Defendant replied that he understood the penalties he might incur, and then, with the aid of his court appointed attorney, entered a plea of guilty. Before accepting the plea, the trial judge made diligent inquiry as to defendant's understanding of the nature of the charge against him and as to the voluntariness of his plea. Upon defendant's assurance that the plea was made of his own free will and that no threats or promises had been made to him, the plea was accepted and thereafter on March 17, 1966, sentence was pronounced.

On this appeal Sanchez complains that the trial judge did not inform him that a person found guilty of violating § 176a was ineligible for probation or parole.[2] He contends that the failure of the trial judge to inform him of such ineligibility was a violation of Fed.R. Crim.P. 11[3] and vitiated the effects of his guilty plea. Rule 11, as amended in 1966, requires, *inter alia*, that a defendant entering a plea of guilty understand "the nature of the charge and the consequences of the plea. * * *"[4] Appellant does not complain that he did not understand the nature of the charge

1. 21 U.S.C.A. § 176a (1961).

Notwithstanding any other provision of law, whoever, knowingly, with intent to defraud the United States, imports or brings into the United States marihuana contrary to law, or smuggles or clandestinely introduces into the United States marihuana which should have been invoiced, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such marihuana after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or whoever conspires to do any of the foregoing acts, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. For a second or subsequent offense (as determined under section 7237(c) of the Internal Revenue Code of 1954), the offender shall be imprisoned for not less than ten or more than forty years and, in addition, may be fined not more than $20,000.

\* \* \* \* \*

2. See 26 U.S.C.A. § 7237(d). Subsequent to defendant's conviction, this section was modified by amendment, see Pub.L. 89-793, 80 Stat. 1438, to permit parole for marihuana offenders previously ineligible for parole. The amendment was not, however, in effect either when defendant pleaded guilty or when sentence was imposed.

3. Fed.R.Crim.P. 11 (1969 Supp.).

A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere*. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall *not* enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea. As amended Feb. 28, 1966, eff. July 1, 1966.

4. Fed.R.Crim.P. 11 (1969 Supp.).

The words "and the consequences of [his] plea" were not part of Rule 11 at the time of defendant's conviction in March 1966, but were added to the Rule on July 1, 1966, pursuant to the amendment of February 28, 1966. Since the amended language was added, however, only "to state what clearly is the law," Notes of Advisory Committee on Rules, Fed.R. Crim.P. 11 (1969 Supp.), we assume, as we did in *Trujillo*, 377 F.2d at 268, that the language "consequence of his plea" was part of the meaning of Rule 11 prior to the amendment which gave it actual expression. See Munich v. United States, 9 Cir. 1964, 337 F.2d 356, 361.

against him. His sole grievance is that he tendered the plea of guilty under the erroneous belief that he would be eligible for probation and parole.

Appellant's claim of error is grounded on the view that ineligibility for parole is a "consequence of the plea" within the meaning of Rule 11. Such an allegation is not new to this Court. In Trujillo v. United States, 5 Cir. 1967, 377 F.2d 266, cert. denied, 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221, the defendant was convicted on a plea of guilty and sentenced to ten years in prison for the unlawful sale of marihuana. 26 U.S.C.A. § 4742(a). He argued on a § 2255 motion to vacate that failure to inform him of parole ineligibility vitiated his guilty plea. While noting that the issue was not free of doubt, see Munich v. United States, 9 Cir. 1964, 337 F.2d 356, 361, we rejected this argument and concluded that "the judge was not required to inform appellant of ineligibility for parole * * *." 377 F.2d at 269. Our decision in Trujillo was based in part on the rationale of Smith v. United States, 1963, 116 U.S. App.D.C. 404, 324 F.2d 436, 442, cert. denied, 376 U.S. 957, 84 S.Ct. 978, 11 L.Ed.2d 975, where the Court held that "noneligibility for parole is not a 'consequence' of a plea of guilty * * *; rather, it is a consequence of the withholding of legislative grace."

Since the opinion in Smith v. United States, supra, and our own opinion in Trujillo, three additional Circuits have ruled on whether parole ineligibility is covered by Rule 11, and two of them have reached results contrary to our own. See Durant v. United States, 1 Cir. 1969, 410 F.2d 689; Berry v. United States, 3 Cir. 1969, 412 F.2d 189. But see United States v. Caruso, S.D.N.Y.1967, 280 F.Supp. 371, aff'd sub. nom. United States v. Mauro, 2 Cir. 1968, 399 F.2d 158, cert. denied, 394 U.S. 904, 89 S.Ct. 1010, 22 L.Ed.2d 215 (March 4, 1969). The First and Third Circuits have rejected the view that parole ineligibility is not a "consequence" of a plea of guilty within the meaning of Rule 11.

The First Circuit in Durant has taken the position that denominating parole ineligibility "the withholding of legislative grace" involves the failure to distinguish between ineligibility for parole and merely the unavailability of parole. Ineligibility for parole is said to be "in the nature of an additional penalty." 410 F.2d at 692.

The Court in Durant has also rejected our comparison in Trujillo between parole ineligibility and such matters as loss of a passport, deportation, loss of voting privileges and undesirable discharge from the armed forces, all of which have been said to be consequences of a guilty plea too remote for the compass of Rule 11. The First Circuit has determined that these matters are "collateral consequences, civil in nature, while parole goes directly to the length of time a defendant is to be incarcerated." 410 F.2d at 692. Distinction is thus made for purposes of Rule 11 between consequences that affect the length of detention and consequences that do not.

Were the question of parole ineligibility before this Court for the first time, the considerable appeal of these recent decisions might persuade us to a like position. However, in Trujillo v. United States, supra, and by implication in Dorrough v. United States, 5 Cir. 1967, 385 F.2d 887, 897, cert. denied, 1969, 394 U.S. 1019, 89 S.Ct. 1637, 23 L.Ed.2d 44, this Court rejected the argument that parole ineligibility is a consequence of a guilty plea within the meaning of Rule 11. We are bound by that result. We therefore conclude, as we did in Trujillo, that the trial judge was not required to inform defendant of his ineligibility for parole.

We note in passing that the Court in Trujillo did not specifically address itself to the issue of probation, as distinct from parole, because the defendant in that case had been informed that probation was not available. 377 F.2d at 266, n. 1. We do not believe, however, that this distinction can afford any comfort to the defendant here. We cannot in good conscience find any mean-

ingful difference for purposes of Rule 11 between ineligibility for probation and ineligibility for parole. We therefore conclude that *Trujillo* is equally binding on both questions.

We have considered the two most recent Supreme Court cases on Rule 11, McCarthy v. United States, 1969, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418; Halliday v. United States, 1969, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16, and find nothing therein contrary to our decision in *Trujillo*, supra. This panel being impotent to overrule *Trujillo* we abide and apply its edict.

The judgment of the district court denying defendant's motion to vacate sentence is affirmed.

Friendly, Circuit Judge, dissented.