Robert BYE

v.

UNITED STATES of America.

No. 69 Civ. 3440.

United States District Court,
S. D. New York.

Oct. 10, 1969.

———◆———

Robert Bye, pro se.

Robert M. Morgenthau, U. S. Atty. Southern District of New York, New York City, for the United States; Sterling Johnson, Jr., Asst. U. S. Atty., of counsel.

**COOPER, District Judge.**

Petitioner moves for an order, pursuant to 28 U.S.C. § 2255, vacating the sentence and judgment based on his plea of guilty, entered November 29, 1966, to a two count indictment charging him with violation of the Federal narcotics law.

Petitioner alleges that at the time he pleaded guilty, he was ignorant of the fact that he would be ineligible for parole, and thus did not have the requisite understanding of either the consequences of his plea or the nature of the charge. See Rule 11, F.R.Crim.P.

■ Although we are cognizant of recent cases in other circuits which have concluded that knowledge of ineligibility of parole is necessary to an understanding of a plea of guilty, see Berry v. United States, 412 F.2d 189 (3rd Cir. 1969); Durant v. United States, 410 F. 2d 689 (1st Cir. 1969), we feel obliged to follow the ruling of this circuit in

United States v. Mauro, 399 F.2d 158 (2d Cir. 1968), cert. denied, 394 U.S. 904, 89 S.Ct. 1010, 22 L.Ed.2d 215 (1969), affirming per curiam, United States v. Caruso, 280 F.Supp. 371 (S.D. N.Y.1967), and for the reasons there set forth by Judge Croake, deny petitioner's motion.

■ Finally we note that petitioner in his affidavit makes two further allegations. The first, that his attorney informed him that he would receive only a minimum sentence was rejected by this Court in a prior 2255 motion, 66 Cr. 656 (August 2, 1968). The second, that his attorney promised him that he would be eligible for parole in a "couple of years" is unsound in light of petitioner's open court statement, at the time of entering his plea of guilty, that no promises had been made to him concerning possible sentencing. See minutes of guilty plea, before Judge Tyler, November 29, 1966, p. 5.

Accordingly, motion denied.

So ordered.