Billy J. SPRADLEY, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 27731.

United States Court of Appeals, Fifth Circuit.

Jan. 27, 1970.

Billy F. Spradley, appellant, pro se.

Arthur I. Jacobs, Jacksonville, Fla., for appellant.

Edward F. Boardman, U. S. Atty., Joseph W. Hatchett, First Asst. U. S. Atty., Jacksonville, Fla., for appellee.

Before JOHN R. BROWN, Chief Judge, TUTTLE and MORGAN, Circuit Judges.

TUTTLE, Circuit Judge:

This is an appeal from an order of the United States District Court for the Middle District of Florida, denying a motion to vacate sentence and judgment pursuant to 28 U.S.C.A. § 2255.

Appellant, Billy F. Spradley, was charged with violation of Title 26, United States Code, Section 4705(a) involving the unlawful sale of narcotics. He was tried without a jury, September 23, 1968, and sentenced to serve five years imprisonment, October 11, 1968 at the sentencing hearing. Appellant first pleaded not guilty to the charge (apparently at his arraignment on March 2, 1968) but subsequently with representation by counsel withdrew his plea of not guilty and pleaded guilty to the charge on September 23, 1968.

On September 23, 1968, when appellant changed his plea to guilty, the Court stated:

The Court:

You've already heard the assistant U.S. Attorney, Mr. Hatchett, read to you Count One and he has also stated to you what the maximum punishment could be, is that correct?

The Defendant:

Yes, sir.

When appellant Spradley appeared for sentencing on October 11, 1968, the trial judge stated:

*On September 23rd, 1968 Billy F. Spradley was before the Court and pleaded guilty* to Count One of a Grand Jury indictment, so the court *at this time upon your plea of guilty to Count One* of the indictment in the case *now adjudges* you guilty, Billy F. Spradley, as to Count One of that indictment * * *

The court also inquired as to whether or not appellant's attorney had advised him of the minimum sentence of five years for the charge, to which the defendant replied yes. The court also stated:

The Court:

So there is not too much to be said because under all the circumstances, I'm not going to impose a sentence of over five years and I can't impose a sentence for any less.

The Defendant:

Yes, sir.

The Court:

*And that would mean that after you have served one-third of the sentence* if you behave yourself and I don't know any reason why you can't and certainly you have every incentive in the world to behave yourself from now on out.

The court then sentenced Spradley to five years in custody of the Attorney General. The last statement by the court, although never completed, was obviously referring to the possibility of parole at the end of 20 months. However, persons violating 26 U.S.C.A. § 4705 are not entitled to a parole under 18 U.S.C. § 4208(a) (2) because of the prohibition in Title 26 U.S.C. Section

7237(d) [1] Vaughn v. United States (7 Cir., 1966) 359 F.2d 809, or O'Neal v. United States (9 Cir., 1964) 332 F.2d 152.

Five months after sentencing, appellant filed a 2255 motion to have his five year sentence vacated alleging that he was misinformed about his eligibility for parole prior to the entry of his plea of guilty in violation of Rule 11, Federal Rules of Criminal Procedure.[2] This motion was denied without a hearing. A second motion was filed which added that appellant was misinformed as to the maximum sentence in violation of Rule 11. This motion was also denied without a hearing. This appeal then followed.

Appellant argues that not being eligible for parole or probation was a "consequence of" his guilty plea, which he did not fully understand and that therefore his guilty plea, sentencing and judgment should be vacated because the requirements of Rule 11 or the due process clause of the Fifth Amendment were not met.

The first fact to be noticed is that the incorrect, possibly misleading, statement referring to possibility of parole did not occur at or before the accused offered his plea of guilty. However, it is also to be noticed that the court made it at the time the court *accepted* the plea and announced a judgment of guilty. This was at the same time and immediately following his acceptance of the plea. Thus, it may be that Rule 11 applies even though the session of the court at which the requirements of Rule 11 would normally be complied with was held two weeks earlier.

This circuit, apparently representing the minority view, has recently, in Sanchez v. United States, 417 F.2d 494 (Decided October 9, 1969), and consistently, held contrary to appellant's *general contention* that his not knowing of information regarding parole at the time a guilty plea is entered is a violation of Rule 11's "understanding of the * * * consequences of the plea" requirement.

In Trujillo v. United States, 5 Cir., 1967, 377 F.2d 266, cert. den., 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221 this court first held that the trial court is not required to inform the defendant of ineligibility for parole for it is not a "consequence of a plea of guilty * * * rather, it is a consequence of the withholding of legislative grace." Smith v. United States, 1963, 116 U.S.App.D.C. 404, 324 F.2d 436, cert. den. 376 U.S. 957, 84 S.Ct. 978, 11 L.Ed.2d 975.[3] The court recognized in Trujillo, *supra*, the

---

1. (d) *No suspension of sentence; no probation; etc.*—Upon conviction—

    (1) of any offense the penalty for which is provided in subsection (b) of this section, subsection (c), (h), or (i) of section 2 of the Narcotic Drugs Import and Export Act, as amended, or such Act of July 11, 1941, as amended, or

    (2) of any offense the penalty for which is provided in subsection (a) of this section, if it is the offender's second or subsequent offense, the imposition or execution of sentence shall not be suspended, probation shall not be granted and in the case of a violation of a law relating to narcotic drugs, section 4202 of Title 18, United States Code, and the Act of July 15, 1932 (47 Stat. 696; D.C.Code 24–201 and following), as amended, shall not apply.

2. *Rule 11. Pleas.*
    A defendant may plead not guilty, guilty, or with the [stated] consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty, unless it is satisfied that there is a factual basis for the plea.

3. Rule 11 was not given any real teeth until the 1966 Amendment which was after Smith, *supra*.

conflict of views in the matter, but stated:

"It is obvious that while a defendant is entitled to be informed to the end that he will understand the nature of this charge, *it is not necessary to this end* that he be advised of every "but for" consequence which follows from a guilty plea. For example, a defendant need not be told: that as a convicted felon he would have his passport and be denied foreign travel (citation omitted) or, if an alien, become subject to deportation (citation omitted); that a plea of guilty to a technical violation of the Mann Act may later bar him from voting (citation omitted) or that a plea of guilty in a civilian court to burglary may result in an undesirable discharge from the Air Force (citation omitted)."

Those circuits which have specifically held that *noneligibility for a parole is a consequence of a* plea of guilty have argued that all of the examples cited in the quote above are *civil* in nature and do not go to *criminal consequences* of the guilty plea which is the intent of Rule 11. They argue that parole goes directly to the length of time a defendant is to be incarcerated. In short, the First and Third Circuits would say that "understanding the consequences of a guilty plea" requires a personal explanation of *anything which affects the length of detention.* This appears to be the better view.

The language and reasoning used by this court in *Sanchez, supra,* strongly suggests that the *Sanchez* panel did not consider *Trujillo* the better view, however binding.[4]

The court in *Sanchez, supra,* stated that there was nothing in McCarthy v. United States, 394 U.S. 459, 89 S.Ct.

1166, 22 L.Ed.2d 418 (1969) contrary to *Trujillo, supra.* However, the reasoning and policy announced in the *McCarthy* case seem to be contrary. In Footnote 20, the court stated:

"The nature of the inquiry required by Rule 11 must necessarily vary from case to case, and, therefore, we do not establish any *general guildelines other than those* (general guidelines) expressed in the Rule itself. As our discussion of the facts in this particular case suggest, however, where the charge encompasses lesser included offenses, personally addressing the defendant as to understanding of the essential elements of the charge [and the essential consequences] to which he pleads guilty would seem a necessary prerequisite to a determination that he understands the meaning of the charge. In all such inquiries [including inquiries as to the consequences of the guilty plea] *matters of reality and not mere ritual, should be controlling.* Kennedy v. United States, (6 Cir., 1968) 397 F.2d 16, 17."

The court at 466, 89 S.Ct. at 1171 stated that "Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the *law(s)* in relation to the facts," which could here include the noneligibility for parole of 26 U.S.C. § 4705(a) violation.

Appellant really argues here that it is unnecessary for the court to decide whether or not being informed of noneligibility for a parole is a violation of Rule 11 but that since appellant was misinformed about his eligibility for a parole, the court committed reversible error.

---

4. "Were the questions of parole ineligibility before this Court for the first time, the considerable appeal of these recent decisions [Durant v. United States (1st Cir., 1969), 410 F.2d 689; Berry v. United States, (3rd Cir., 1969) 412 F.2d 189] might persuade us to a like position. However, in Trujillo v. United States,

*supra,* and by implication in Dorrough v. United States, (5 Cir.) 385 F.2d 887 cert. den. 1969, 394 U.S. 1019, 89 S.Ct. 1637, 23 L.Ed.2d 44 this Court rejected this argument that parole ineligibility is a consequence of a guilty plea within the meaning of Rule 11. We are bound by that result."

Rule 11 states that the court shall not accept a guilty plea without addressing the defendant personally to determine whether it is made with understanding of the consequences of the plea. Here, the court discussed appellant's guilty plea on September 23, 1968. At that time no statement was made concerning eligibility for parole. If we assume that Rule 11 applies at this stage and at this stage Rule 11 was complied with, according to *Trujillo, supra,* the trial court misinformed appellant at the subsequent sentencing hearing concerning parole, the government argues that it was not at this point that Rule 11 applied, for the guilty plea had been entered and accepted. (See discussion above for the actual sequence of events). Even if we assume that the February 11 hearing was not the time when the guilty plea was accepted and was thus not the time at which Rule 11 was to be complied with, this does not remove the harm done to this appellant by what transpired at that hearing.

Rule 32(d) of the Federal Rules of Criminal Procedure deals with the withdrawal of a plea of guilty.[5]

It is almost uniformly recognized that the withdrawal of a plea of guilty should be liberally granted. See Moore's Federal Practice, Rules of Criminal Procedure, 32–50 and see Kadwell v. United States, (9th Cir., 1964) 315 F.2d 667, 670 where the court uses the following language:

"The right of an accused to trial by jury has a favored place in our law. Concern for its protection is reflected in the statutes by which Congress empowered the Supreme Court to promulgate procedural rules for the federal courts. Section 3772 of Title 18 contains an express proviso that the rules of criminal procedure may not 'abridge the right of the accused to apply for withdrawal of a plea of guilty, if such application be made within ten days after entry of such plea, and before sentence is imposed.' No other restriction upon the power of the Supreme Court over the content of the Rules [is] prescribed by Congress."

The harm to appellant here, if he was misled by the statement of the trial court implying that he would be eligible for parole is that at that very moment the defendant could still move for the privilege of withdrawing his plea of guilty, but his motivation to do so would be much diminished so long as he relied upon the court's advice to him that if he acted properly and had exemplary conduct he might be released after approximately 20 months.

This factor of removing a possible motivating cause for the appellant to withdraw his plea of guilty, before sentence was passed is a fact which distinguishes this case from Sanchez v. United States, *supra*. Not only did the above quoted statement occur at the time of the sentencing, but it appears from the record that the trial court also addressed the appellant's wife in open court in the presence of the appellant as follows:

"The Court: Mrs. Spradley, anything you have to say? You understand what I have to do, don't you?

Mrs. Spradley: Yes, Sir.

The Court: And you understand that after he has served one-third of his sentence, that if he behaves himself, together with the fact that he doesn't have any particularly bad record, at least as far as convictions are concerned. You have had some charges against you.

---

5. "A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

**1048**

The Defendant: Yes, Sir.

The Court: But I don't consider any charges against you. I only consider matters of conviction because the mere fact that a charge has been made against you doesn't mean that you are guilty.

\* \* \* \* \* \*

The Court: And you've got everything in the world to live for.

The Defendant: Yes, sir."

We, of course, have no way of knowing whether the evidence against Spradley was so strong as to have clearly indicated a conviction or whether it was a case that trial tactics would properly have caused him to submit to a jury trial rather than permit his guilty plea to stand if he had known that he could not look forward to being released after one-third of the five year sentence.

■ We conclude that the rule announced by this court in *Trujillo* ought not to be extended beyond the bare facts of that case. We feel that the facts here present, in light of the inadvertent misinformation given by the trial court, require a different result because, being given at the last moment at which Spradley could have requested a withdrawal of his guilty plea in order to stand trial he and his wife were both told that if he kept his record good he could hope to be back with his family within less than two years.

We conclude that this error was prejudicial enough to require a reversal of the conviction of sentence to permit the appellant to determine whether he wishes to stand trial on the original charge or, once again, to plead guilty, after knowing, as he now must, full well, the full consequences flowing from a plea of guilty under the narcotics statutes.

The judgment is reversed and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.