**Thomas HARRIS, Petitioner-Appellant,**

**v.**

**UNITED STATES of America, Respondent-Appellee.**

**No. 19751.**

United States Court of Appeals, Sixth Circuit.

May 4, 1970.

William T. Warner, Louisville, Ky., for petitioner-appellant.

John R. Wilson, Louisville, Ky., for petitioner-appellee; Ernest W. Rivers, U. S. Atty., John R. Wilson, Asst. U. S. Atty., Louisville, Ky., on brief.

Before CELEBREZZE, McCREE, and COMBS, Circuit Judges.

McCREE, Circuit Judge.

In this appeal from the denial of a motion to vacate sentence under 28 U.S. C. § 2255, petitioner contends that Federal Rule of Criminal Procedure 11 prohibited acceptance of his guilty plea because the trial judge did not inform him that ineligibility for parole was a statutory consequence of any sentence which could be imposed for the offense charged in the indictment. We agree.

The rule provides, in pertinent part, that the court "shall not accept [a plea of guilty] * * * without first * * * determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea." Petitioner, who was sentenced to serve two consecutive five year terms, contends in his motion that ineligibility for parole is a "consequence" of his plea; that he had no idea he "would receive a sentence that carried no possibility of parole or probation"; and that the trial judge should have told him that 26 U.S.C. § 7237(d) precluded parole for persons convicted of narcotic offenses proscribed by 26 U.S. C. § 4705(a). He also alleged that throughout the proceedings he was under the influence of narcotics and "could not fully understand the meaning of all the questions."

None of these allegations were denied, and the District Judge, without a hearing or notice to petitioner or his

counsel, denied the motion to vacate. He found, as a matter of law, that failure to advise of ineligibility for parole is not a violation of Rule 11. He made no reference to petitioner's claim of having been under the influence of narcotics. In the light of our disposition, we find it unnecessary to consider the contention concerning petitioner's narcotic state which, if true, would require setting aside the plea.

The District Court, in its order, recognized that there is a division of authority among the circuits on the parole ineligibility issue, but followed the minority view of the Fifth Circuit in Trujillo v. United States, 377 F.2d 266 (1967), cert. den., 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221 (1967). He quoted with approval its statement, " * * * noneligibility for parole is not a 'consequence' of a plea of guilty * * * rather, it is a consequence of the withholding of legislative grace." *Id.* at 269. This quotation was adopted by the Fifth Circuit from the opinion of the District of Columbia Circuit in Smith v. United States, 116 U.S.App.D.C. 404, 324 F.2d 436 (1963), cert. den., 376 U.S. 957, 84 S.Ct. 978, 11 L.Ed.2d 975 (1964).

Four other circuits which have considered the same issue have held that ineligibility for parole is a "consequence" of a plea of guilty of which a defendant must be apprised to permit a finding that his proffered plea is voluntary. The Ninth Circuit, in Munich v. United States, 337 F.2d 356 (1964), while recognizing that Rule 11 then required no particular ritual, Kennedy v. United States, 397 F.2d 16 (6th Cir. 1968), nevertheless held that a defendant who is unaware of the fact that he will be ineligible for probation or parole does not plead with understanding of the consequences of his plea.

In Berry v. United States, 412 F.2d 189 (3rd Cir. 1969), as in this case, the plea of guilty was accepted before the decision in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), which rendered non-compliance with Rule 11 *per se* prejudicial.

Despite the fact that *McCarthy* was held to be nonretroactive, Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), the Third Circuit determined that ineligibility for parole was a "consequence" of a plea of guilty and that a defendant's unawareness of that fact rendered his plea involuntary. The court observed that under ordinary circumstances it should not be necessary for a trial judge to explain probation and parole in his inquiry into a defendant's understanding of the consequences of his tendered plea. However, in cases where the Congress has rendered inapplicable 18 U.S.C. § 4202, the general statute which confers parole eligibility after service of one-third of a prison term, the duty to advise devolves upon the judge. "Probation and parole are concepts which our society has come to accept as natural incidents of rehabilitation during imprisonment." *Id.,* at 192. The court in *Berry* also dismissed the contention, again made by the Government in this appeal, that petitioner is not prejudiced because the sentence he received (10 years without parole eligibility) is less than one-third the maximum sentence he was told could have been imposed (40 years). Prejudice resulted when petitioner, without knowledge of parole ineligibility, convicted himself with his plea of guilty without understanding the significance of his action.

The First Circuit, in Durant v. United States, 410 F.2d 689 (1969), rejected the rationale of *Smith, supra,* and *Trujillo, supra,* by observing that the contention that parole is merely a matter of legislative grace is inapposite in an inquiry whether parole eligibility is a "consequence" of a plea within the ambit of Rule 11. This argument "fails to distinguish between availability and eligibility for parole. It may be 'legislative grace' for Congress to provide for parole but when it expressly removes all hope of parole upon conviction and sentence for certain offenses, * * * this is in the nature of an additional penalty." *Id.,* at 691. *Durant* also rejected the argument

in *Trujillo* that parole ineligibility was analogous to collateral consequences, civil in nature, such as loss of passport, deportation, loss of voting privileges and undesirable discharge from the armed services, all of which may result from a plea of guilty. Whether these consequences are within the scope of Rule 11 is immaterial because, unlike them, parole directly affects the length of incarceration.

Finally, the Tenth Circuit has recently decided that the loss of probation and parole is to be considered a "consequence" of a plea within the meaning of the rule. Jenkins v. United States, 420 F.2d 433 (1970).

It is also significant that the Fifth Circuit has had occasion to consider this question again since the decisions of the First (*Durant*) and Third (*Berry*) Circuits, and has observed that an interpretation of Rule 11 which "requires a personal explanation of *anything which affects the length of detention* * * * appears to be the better view." (Emphasis in original). Spradley v. United States, 421 F.2d 1043 (5th Cir. 1970). Although *Trujillo* was not overruled, it was restricted to its bare facts, which revealed that a week after the plea was accepted but before sentence was imposed, the judge, in Trujillo's presence, told a codefendant he would not be eligible for parole.

Our circuit has not ruled directly on this issue. In United States v. Phillips, 403 F.2d 963 (1968), a case strikingly similar to this appeal, we expressly declined to decide whether Rule 11 required an explanation of parole ineligibility because the question had not been properly raised in the District Court.

However, in Smith v. United States, 400 F.2d 860 (6th Cir. 1968), where a guilty plea was offered to the offense of escaping from prison, we held that Rule 11 required the court to advise the defendant of the statutorily required imposition of a sentence which would run consecutively to any unexpired sentences. Although in *Smith* the defendant had requested the judge to consider imposing a concurrent sentence and no one had corrected his misapprehension, nevertheless, we cited *Munich, supra,* with approval and treated the statutory mandate that the sentence be consecutive to any sentence then being served as a "consequence" of the plea.

■ Ineligibility for parole consideration, like ineligibility for a concurrent sentence, affects the length of incarceration.[1] Accordingly, we conclude that a defendant indicted for a narcotic offense does not voluntarily plead guilty with knowledge of the consequences of his plea if he is unaware of his ineligibility for parole. We align ourselves with the First, Third, Ninth and Tenth Circuits believing, as does the Fifth Circuit, *Spradley, supra,* that they state the better view.

■ Had the plea been accepted after April 2, 1969, the effective date of McCarthy v. United States, *supra,* held not retrospective in Halliday v. United States, *supra,* we would vacate the conviction and permit petitioner to plead anew. Since his plea was accepted June 9, 1967, we remand for an evidentiary hearing to determine whether he was aware of the prohibition against parole at the time his plea was accepted and whether he was so under the influence of narcotics as to render his plea involuntary. The burden as to voluntariness is on the Government. *See* Durant v. United States, 410 F.2d 689 (1st Cir. 1969).

Reversed and remanded for proceedings consistent herewith.

---

1. The significance which this circuit attaches to a defendant's awareness of the length of incarceration when important rights are waived is exemplified by Gannon v. United States, 208 F.2d 772 (6th Cir. 1953), where we held that an accused who had no knowledge that the Boggs Act, 26 U.S.C. § 2557(b) (1), provided for increased sentences because of prior narcotic convictions did not competently, intelligently and with full understanding of the implications waive his constitutional right to counsel.