**Jonas MOODY, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 72–1235.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 16, 1972.

Decided Dec. 4, 1972.

Jonas Moody, pro se.

Daniel Bartlett, Jr., U. S. Atty., and J. Patrick Glynn, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before BRIGHT and STEPHENSON, Circuit Judges, and TALBOT SMITH, District Judge.*

BRIGHT, Circuit Judge.

Appellant, Jonas Moody, was convicted on his guilty plea of two narcotics violations: an unlawful purchase of heroin in violation of 26 U.S.C. § 4704(a) and an unlawful sale of the same drug in violation of § 4705(a). The district court accepted Moody's guilty plea on October 3, 1969, and initially sentenced him to a federal correctional institute to undergo an examination to determine if he might be a likely candidate for rehabilitation under the treatment program provisions of the Narcotic Addict Rehabilitation Act (NARA). 18 U.S.C. § 4252. Following receipt of a negative report on Moody, the district court, on November 21, 1969, sentenced him to imprisonment for a term of eight years on each charge, the sentences to be served concurrently. No appeal was taken, but subsequently, in October of 1971, Moody filed a petition under 28 U.S.C. § 2255 to vacate the sentence which he alleged had been imposed as the consequence of an involuntary guilty plea. In his petition Moody contends that since the sentencing court did not advise him of his ineligibility for parole,[1] this omission

---

* Of the Sixth Circuit, sitting by designation.

1. Under 26 U.S.C. § 7237(d), persons convicted of narcotics violations did not qualify for probation or parole. The bar to parole eligibility has now been removed by the adoption of the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. No. 91–513, 84 Stat.

tainted the plea and rendered it involuntary. The district court denied relief and Moody has prosecuted this appeal. For the reasons stated below, we reverse.

The parties concede that the sentencing court did not advise Moody that he would be ineligible for parole under the sentence which would be imposed upon the acceptance of his guilty plea. The record shows that on October 3, 1969, the defendant appeared before the court on a change of plea. The brief dialogue which ensued reveals that the court advised the defendant of the potential penalties for each count (a two-to-ten year sentence and possible fine of $20,000 on the purchase-of-heroin count, and a five-to-twenty year sentence and possible fine of $20,000 on the sale-of-heroin count), and ascertained that Moody had received no threat to coerce a change of plea nor promises as to the length of his sentence. Following the court's brief interrogation, the prosecutor stated that the government believed the defendant to be an addict. Counsel for both parties then called the judge's attention to 18 U.S.C. § 4252 (provisions of the NARA). The court directed that the final sentencing await the report called for by this provision.[2]

1236. *See* United States v. Smith, 440 F.2d 521 (7th Cir. 1971). Our attention has not been called to any decision which applies this repeal of § 7237(d) retroactively to a case similar to Moody's in which the sentence antedated the effective date of the new law. *See* United States v. Bradley, 455 F.2d 1181, 1189–1191 (1st Cir.), cert. granted, 407 U.S. 908, 92 S.Ct. 2438, 32 L.Ed.2d 682 (1972), and United States v. Stephens, 449 F.2d 103 (9th Cir. 1971), and cases cited therein.

2. The brief dialogue of the district court's interrogation was as follows:

THE COURT: United States vs. Jonas Moody.

This is the matter I think which was on the docket and as I understand you are in here to change the plea?

MR. QUINN: [Moody's attorney]: That's right, your Honor.

THE COURT: What is the plea with respect to Counts 1 and 2 of the indictment?

Let me ask you this, Mr. Moody: You understand in Count 1 that you are charged by the grand jury with on or about March 14th of this year in the City of St. Louis with unlawfully purchasing from a person 180 milligrams more or less of heroin, which was not in the original stamped package, and it is in violation of 4704(a), Title 26, United States Code, which carries a maximum punishment of not less than two years nor more than ten years, and a fine of not more than $20,000.

Count 2 charges the sale of 180 milligrams more or less of heroin for $12.00 on the same date, March 14th, and the section with respect to that carries not less than five or more than twenty years or more than $20,000 fine.

You understand what you are charged with?

THE DEFENDANT: Yes, sir.

THE COURT: You understand the maximum penalty?

THE DEFENDANT: Yes, sir.

THE COURT: What is the plea?

THE DEFENDANT: Guilty.

THE COURT: To both counts?

THE DEFENDANT: Yes.

THE COURT: Has anyone made any promise to you as to what sentence you might get in order to get such a plea?

THE DEFENDANT: No, sir.

THE COURT: Anyone made any threat against you in order to get such a plea?

THE DEFENDANT: No, sir.

THE COURT: You want to waive the reading of the indictment?

MR. QUINN: Yes, your Honor.

THE COURT: Let the record show in the case of United States vs. Jonas Moody, defendant who is represented by John H. Quinn, defendant withdraws the plea of not guilty previously entered, waives formal arraignment, reading of the indictment and enters a plea of guilty to the charges contained in the indictment as to Counts 1 and 2.

MR. STRAUB: [Ass't U. S. Attorney]: Your Honor, I would call to the court's attention to the best of our knowledge the government believes this man to be an addict.

THE COURT: What is that section of the statute?

\*      \*      \*      \*      \*

THE COURT: The court will commit him to the custody of the Attorney General under Section 4252 for them to determine whether or not he is an addict and report back to this court and be sentenced after we get those reports. So,

The report of the NARA study showed Moody to be an addict, but an unlikely subject for rehabilitation. The district court, in sentencing Moody, noted that it was "unfortunate" that he could not qualify for treatment. The court indicated, however, that he would be eligible for parole in less than three years.[3] After the time for appeal had run, the court, by letter dated December 23, 1969, advised Moody that "[T]hey do not grant parole on one-third time in narcotic cases."

The question presented by this appeal is whether ineligibility for parole is a "consequence" of a guilty plea and thus a matter of which a federal district judge must inform a defendant before a plea can be accepted by the court under Rule 11, Fed.R.Crim.P.[4] In addressing itself to this question, the district court noted that Moody had raised an issue of first impression in this circuit. It stated further that if ineligibility for parole could be deemed a consequence of a guilty plea, the district court would be required to vacate the sentence since, under McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), failure to comply with Criminal

Rule 11 requires vacation of such a plea. The district court rejected Moody's contention and held that ineligibility of parole is *not* a consequence of a guilty plea, relying on cases from the D.C. Circuit, Smith v. United States, 116 U.S. App.D.C. 404, 324 F.2d 436 (1963), cert. denied, 376 U.S. 957, 84 S.Ct. 978, 11 L. Ed.2d 975 (1964), and the Fifth Circuit, Trujillo v. United States, 377 F.2d 266, cert. denied, 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221 (1967), and a dissenting opinion of Judge Stevens from the Seventh Circuit, United States v. Smith, 440 F.2d 521, 527 (1971). In its opinion the district court recognized but declined to follow holdings to the contrary in the First, Second, Third, Sixth, Seventh, Ninth, and Tenth Circuits.[5]

Those decisions which support the opinion of the district court characterize ineligibility for parole as a "consequence of the withholding of legislative grace," rather than a "consequence" of a plea of guilty. Smith v. United States, *supra,* 324 F.2d at 441; *Trujillo, supra,* 377 F. 2d at 269. The dissenting opinion of Judge Stevens in United States v. Smith, *supra,* 440 F.2d at 529–530, draws a distinction between "conse-

---

he will be committed for that purpose at this time, or at least he will be sent there for that purpose under Section 4252, Title 18, Section 4252.

    MR. QUINN: Correct.

    THE COURT: And he will be sent down there and they will give us the report, and after we get that he will be brought back into court and sentenced.

    MR. QUINN: That's right. Thank you very much, your Honor.

    MR. STRAUB: Thank you.

3. "[U]nder [the eight year sentence] you will be eligible for parole in a little less than three years." [Transcript of proceedings, Nov. 21, 1969.]

4. Rule 11 reads as follows:

    A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere.* The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and

the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

5. Cases holding the ineligibility for parole to be a consequence of the guilty plea include:

    First Circuit—Durant v. United States, 410 F.2d 689 (1969);

    Second Circuit—Bye v. United States, 435 F.2d 177 (1970);

    Third Circuit—Berry v. United States, 412 F.2d 189 (1969);

    Sixth Circuit—Harris v. United States, 426 F.2d 99 (1970);

    Seventh Circuit—United States v. Smith, 440 F.2d 521 (1971);

    Ninth Circuit—Munich v. United States, 337 F.2d 356 (1964);

    Tenth Circuit—Jenkins v. United States, 420 F.2d 433 (1970).

quences of the plea" to the voluntariness of the plea and "consequences of the conviction" which relate to a variety of factors of risk calculation, including an estimate of the sentence and the chances of probation or parole. As to these latter "consequences," Judge Stevens would afford no relief for a mistake in calculation by the defendant unless the acceptance of the guilty plea was basically unfair.

The rationale underlying the view of the majority of the circuits is that a defendant, unaware at the time of entering a plea of guilty that he will be ineligible for probation or parole, does not plead with understanding of the consequences of the plea, since the nature of parole is so well understood that its availability may be regarded as assumed by the average defendant. Durant v. United States, 410 F.2d 689, 692 (1st Cir. 1969).

In considering the appropriate rule to apply in this circuit, we note that two separate panel decisions in the Fifth Circuit express disapproval of *Trujillo* and erode its precedential value. The court in Spradley v. United States, 421 F.2d 1043 (1970), granted § 2255 relief to a guilty-pleading narcotics violator who was told by the court that his term of imprisonment could be reduced to one-third of the five-year sentence. The court distinguished *Trujillo* "in light of [this] inadvertent information" and concluded that *Trujillo* "ought not to be extended beyond the bare facts of that case." *Id.* at 1048. In United States v. Farias, 459 F.2d 738 (1972), the Fifth Circuit expressed its preference for the

majority rule, but felt itself bound by *Trujillo*. *See also* Sanchez v. United States, 417 F.2d 494 (5th Cir. 1969).

■ We are persuaded to follow the majority rule. We hold that the failure to be advised of ineligibility for parole constitutes a "consequence" of a guilty plea, rendering that plea involuntary under Rule 11, Fed.R.Crim.P.

As to this case, the United States contends that the failure to advise Moody of the unavailability of parole in fact did not amount to any misrepresentation within the purview of Rule 11. This argument proceeds on the basis that Moody could not have been prejudiced since the eight-year sentence received was less than one-third of the maximum possible prison sentence of thirty years on the two-count indictment. Thus, the argument continues, Moody, even if contemplating parole, knew he faced the risk of serving up to ten years imprisonment on the charges to which he pleaded guilty, and therefore the actual sentence fell within the range of his expectations. This argument, even assuming it is material,[6] is inapposite on the facts of this case.

■ The record here suggests that the parties expected the sentencing court to consider commitment treatment under the NARA rather than ordinary imprisonment. The prosecutor specifically called Moody's addiction to the attention of the court. The record, too, reflects circumstances under which it would be extremely unlikely that the sentencing judge would assess the maximum sentence authorized by law. The comment made by the Seventh Circuit in United

---

6. Two circuits have rejected the validity of this argument out of hand, regardless of circumstances. Berry v. United States, 412 F.2d 189, 191–192 (3d Cir. 1969); Durant v. United States, 410 F.2d 689, 691–692 (1st Cir. 1969).
In *Durant*, the court said:
If [the government's] intention [in alleging that defendant served less time than he would have had he actually been paroled under a maximum sentence] is to show lack of prejudice we

reject it. Under Rule 11 the defendant is entitled to know the consequences of his plea *before* entering it. This mandate is not nor can it be satisfied by hindsight reasoning comparing the actual sentence with what it could have been. The language of the rule is clearly designed to enable a defendant to assess the risk that he is taking by entering a plea of guilty. (Emphasis original; footnotes omitted).

States v. Smith, *supra*, 440 F.2d at 525, seems appropos:

> Ineligibility for parole automatically trebles the *mandatory* period of incarceration which an accused would receive under normal circumstances. It necessarily follows that it would have an effect on the expected length of detention and would have primary significance in an accused's determination of whether to plead guilty. The purpose of Rule 11 is to insure that an accused does not plead guilty "except with a full understanding of the charges against him and the possible consequences of his plea." (Footnotes omitted).

Under the circumstances here, we cannot say that the failure of the court to advise Moody of parole eligibility did not in fact serve to mislead him.

Reversed and remanded with directions that the conviction be vacated and that Moody be permitted to plead anew. *See McCarthy,* supra, 394 U.S. at 468–471, 89 S.Ct. 1166.