**UNITED STATES of America,
Plaintiff,**

v.

**Judy Lee REEF, Defendant.**

**Cr. A. 66–CR–258.**

United States District Court
D. Colorado.

Feb. 23, 1967.

🔑68

Richard T. Spriggs, Asst. U. S. Atty., Denver, Colo., for plaintiff.

Tweedy, Mosley, Aley & Young, by Howard M. Kirshbaum, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

ARRAJ, Chief Judge.

The defendant, a nineteen year old girl, is being prosecuted by information for a violation of Title 18 U.S.C. § 1701. A violation of this section is a misdemeanor, which carries a maximum sentence of one year, or a fine of $500.00, or both. The defendant has moved to dismiss the action, on the ground that the Court lacks jurisdiction because the case has been prosecuted by information rather than by indictment as is required by Fed.R.Crim.P. 7(a) and the Fifth Amendment of the United States Constitution.

Fed.R.Crim.P. 7(a) provides in pertinent part as follows:

An offense which may be punished by imprisonment for a term exceeding one year * * * shall be prosecuted by indictment or, if indictment is waived, it may be prosecuted by information.

The Fifth Amendment provides in pertinent part that:

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury.

It is clear that the term "infamous crime" is defined in terms of the nature of the *punishment,* rather than the nature of the offense. Ex parte Wilson, 114 U.S. 417, 5 S.Ct. 935, 29 L.Ed. 89 (1885); United States v. Moreland, 258 U.S. 433, 42 S.Ct. 368, 66 L.Ed. 700 (1922). Defendant contends that any offense which is punishable by a term of imprisonment exceeding one year is an "infamous crime" within the constitutional meaning of that term, citing Mackin v. United States, 117 U.S. 348, 6 S.Ct. 777, 29 L.Ed. 909 (1886).

Although the offense with which defendant is charged is technically a misdemeanor, the Government concedes that defendant is subject to the provisions of the Federal Youth Corrections Act, Title 18 U.S.C. § 5005 et seq. See Cunningham v. United States, 256 F.2d 467 (5th Cir. 1958); Carter v. United States, 113 U.S.App.D.C. 123, 306 F.2d 283 (1962). By the terms of that Act a youth offender may be committed to the custody of the Attorney General for a period of up to four years of actual confinement, plus two years of supervision following a conditional release. Title 18 U.S.C. §§ 5010, 5017.

The Act expressly provides that the youth offender is to receive "treatment and supervision", but it is still clear that the Attorney General has the sole power to designate the place of confinement, which can even be a federal penitentiary. See Coats v. Markley, 200 F.Supp. 686 (S.D.Ind.1962); and Title 18 U.S.C. § 4082.

Hence it is defendant's contention that since, if convicted, she could be confined to a prison for a period exceeding one year, both Rule 7(a) and the Fifth Amendment require that she be prosecuted by indictment. She has not waived that right.

The Government's primary argument is that confinement under the terms of the Federal Youth Corrections Act is not "imprisonment", within the meaning of the Federal Constitution and Rules of Criminal Procedure. This is supposedly true because the Act is designed for rehabilitation rather than punishment, and requires "treatment and supervision."

The delicate distinction between "imprisonment", and "confinement in a prison for treatment and supervision" would probably not be appreciated by the youth offender who is behind bars. The cold fact is that the defendant is subject to imprisonment for a period exceeding one year, and "[a]pplying the euphemism 'treatment' to the discipline during confinement does not alter the arithmetic, and is immaterial for present purposes." Pilkington v. United States, 315 F.2d 204, 208 (4th Cir. 1963).

Examining the reasoning of the Government, one might pose this question: If, in an enlightened future, all prisoners were given "treatment and supervision" aimed toward rehabilitation, would the protective cloak of the Fifth Amendment and Rule 7(a) simply vanish altogether? This is, of course, a *reductio ad absurdum,* but it does illustrate the fallacy of the Government's argument.

The purpose behind the Federal Youth Corrections Act is certainly commendable, but the Act must be carefully administered and interpreted. For example, the Court of Appeals of the Tenth Circuit has recognized that because a youth offender can in some cases receive a sentence under the Youth Corrections Act which is *greater* than that which is provided for the substantive offense with which he is charged, he must be fully informed of this possibility before the trial court can accept a plea of guilty. See Chapin v. United States, 341 F.2d 900, 901 (10th Cir. 1965); King v. United States, 346 F.2d 159 (10th Cir. 1965).

The Government argues that if defendant's contention were accepted, this would create an anomalous situation in which defendants under twenty-six years of age would have to be prosecuted by indictment, while those over that age could be proceeded against by direct information. Yet the Government's position, if accepted, would create an even greater anomaly: All persons who are

subject to confinement in prison for a period exceeding one year must, in the absence of waiver, be prosecuted by indictment, with the exception of some persons under twenty-six years of age who are sentenced pursuant to the Federal Youth Corrections Act. It is this latter anomaly which threatens to trespass on the rights of youthful defendants. "A statute designed for the benefit of youthful offenders should not be interpreted to diminish their rights * * *." Pilkington v. United States, supra, 315 F.2d at p. 209.

It is thus the conclusion of the Court that defendant has a right to be prosecuted by indictment, and that in the absence of such indictment, or a waiver thereof, this Court lacks jurisdiction to proceed. It is therefore

Ordered that defendant's motion to dismiss be, and hereby is, granted.