UNITED STATES of America,
Plaintiff,

v.

Ronald NEVE, Defendant.

No. 72–CR–78.

United States District Court,
W. D. Wisconsin.

April 18, 1973.

John O. Olson, U. S. Atty., Madison, Wis., for plaintiff.

Percy L. Julian, Jr., Madison, Wis., for defendant.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

Defendant who was 21 years of age as of November 8, 1972, was charged on September 29, 1972, by information, with possessing marijuana in violation of 21 U.S.C. § 844(a). The first offense under that statute carries a maximum penalty of a one-year term of imprisonment or a $5,000 fine or both. Defendant has moved to dismiss the information on the ground, among others, that he is constitutionally entitled to indictment by a grand jury because he is subject to a term of confinement of up to four years plus two years of supervision following conditional release, under the Youth Corrections Act (YCA), 18 U.S.C. § 5005 et seq.

1

The Fifth Amendment to the federal constitution provides: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury. . . . ." In determining whether a crime is "infamous" the Supreme Court has looked to the potential punishment for the crime rather than the punishment actually imposed in a particular case. Ex Parte Wilson, 114 U.S. 417, 426, 5 S.Ct. 935, 29 L.Ed. 89 (1885). The Court has held that any crime punishable by hard labor or by confinement in a penitentiary is an infamous crime. Ex Parte Wilson, *supra*; United States v. Moreland, 258 U.S. 433, 42 S.Ct. 368, 66 L.Ed. 700 (1922); In Re Claasen, 140 U.S. 200, 11 S.Ct. 735, 35 L.Ed. 409 (1891). Since the *Moreland* decision, the Court has not had occasion to elaborate further on the definition of infamous crimes.

Confinement in a penitentiary is a punishment which can be imposed only upon persons convicted of crimes punishable by imprisonment for more than one year. 18 U.S.C. § 4083. Consequently, the notion has grown, somewhat inversely, that any crime punishable by imprisonment for more than one year is an infamous crime. .Thus, Rule 7(a), Federal Rules of Criminal Procedure, provides: "An offense which may be punished by imprisonment for a term exceeding one year or at hard labor shall be prosecuted by indictment or, if indictment is waived, it may be prosecuted by information." The Note of the Advisory Committee on Rules states that this rule is designed to give effect to the grand jury clause of the Fifth Amendment, as construed by the Supreme Court.

I have located only two cases which decide the question presently before me. United States v. Reef, 268 F.Supp. 1015 (D.Colorado 1967), held that a defendant charged with a minor offense (punishable by a year or less of imprisonment) and subject to the provisions of the YCA, is entitled to be prosecuted by indictment only, unless there is a waiver. In a six-to-four decision the District of Columbia Circuit Court of Appeals, sitting en banc, reached the opposite result. Harvin v. United States, 445 F.2d 675 (D.C.Cir.), cert. den. 404 U.S. 943, 92 S.Ct. 292, 30 L.Ed.2d 257 (1971).

A principal focus of debate between the majority and minority in *Harvin* is the question whether a minor offender sentenced under the YCA can be imprisoned in a penitentiary. If such a minor offender can be imprisoned in a penitentiary, the Supreme Court's language in In re Claasen, *supra*, 140 U.S. at 205, 11 S.Ct. 735, cogently suggests that the crime involved must be characterized as "infamous" and consequently that prosecution must be by indictment.

I find it unnecessary to resolve that question debated by the *Harvin* court. In Ex parte Wilson, 114 U.S. 417, 427, 5 S.Ct. 935, 940 (1885), the Supreme Court stated: "What punishments shall be considered as infamous may be affected by the changes of public opinion from one age to another." The Court has not reexamined the meaning of "infamous" since its decision a half century ago in United States v. Moreland, *supra*, which continued to recognize the distinction between confinement in a penitentiary and confinement in other institutions. Since that time, the Court has seriously impugned the importance of the label attached to a correctional institution. In his *Harvin* dissent, Judge Tamm quoted the following passage from In re Gault, 387 U.S. 1, 27–28, 87 S.Ct. 1428, 1443–1444, 18 L.Ed.2d 527 (1967):

"It is of no constitutional consequence —and of limited practical meaning— that the institution to which [the youthful offender] is committed is called an Industrial School. The fact of the matter is that, however euphemistic the title, a 'receiving home' or an 'industrial school' for juveniles is an institution of confinement in which the child is incarcerated for a greater or lesser time. His world becomes 'a building with whitewashed walls, regi-

mented routine and institutional hours. . . .' Instead of mother and father and sisters and brothers and friends and classmates, his world is peopled by guards, custodians, state employees, and 'delinquents' confined with him for anything from waywardness to rape and homicide.

In view of this, it would be extraordinary if our Constitution did not require the procedural regularity and the exercise of care implied in the phrase 'due process.' " [1]

*See also* In re Winship, 397 U.S. 358, 365–366, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

■■ In light of the *Gault* decision, I am convinced that the present Supreme Court would be unlikely to attach to the label "penitentiary" the decisive constitutional significance given that word in *Moreland, supra,* and earlier cases. *Gault* acknowledges that forced confinement is a serious loss, regardless of the nature of the confining institution. For this reason, I believe that forced confinement for four (and possibly six) years, even in the most enlightened correctional institution, must be considered to constitute a loss at least equivalent to a year and a day in a penitentiary. Thus, regardless of whether youths sentenced under the YCA can be confined in a penitentiary, it is my conclusion that such youths may be proceeded against only by indictment by a grand jury for any crime which subjects them to the provisions of the YCA, in the absence of waiver of indictment.[2]

Accordingly, because the present offense is not one which can be prosecuted by information, it is hereby ordered that defendant's motion to dismiss the information is granted.

---

1. The *Gault* court also stated:
"A proceeding where the issue is whether the child will be found to be a 'delinquent' and subject to the loss of his liberty for years is comparable in seriousness to a felony prosecution." *Gault, supra* at 36, 87 S.Ct. at 1448.

---

2. My decision on this ground obviates consideration of the remaining grounds for defendant's attack on the information.