**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Ronald A. NEVE, Defendant-Appellee.**

**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Elizabeth D. JOHNSON, Defendant-Appellee.**

Nos. 73–1532, 73–1533.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 6, 1973.

Decided Feb. 1, 1974.

John O. Olson, U. S. Atty., James M. Bablitch, Asst. U. S. Atty., Madison, Wis., for plaintiff-appellant.

Percy L. Julian, Jr., Madison, Wis., for defendants-appellees.

Before HASTINGS and KILEY, Senior Circuit Judges, and CAMPBELL, Senior District Judge.*

PER CURIAM.

In appeal No. 73–1532, it was shown that defendant Ronald A. Neve was charged on September 29, 1972, by information filed in the district court with possessing marijuana, in violation of Title 21, U.S.C. § 844(a).

In appeal No. 73–1533, it was shown that defendant Elizabeth D. Johnson was charged by information filed in the same court in identical terms.

* Senior United States District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

Both cases proceeded together in the district court and were determined by the trial court with similar results. They were consolidated for briefing and oral argument on appeal.

Each defendant was represented in the district court and in this appeal by the same counsel. When called for arraignment on November 8, 1972, each defendant entered a special appearance for the purpose of challenging the jurisdiction of the court. The informations were read to them and certain inquiries were made by the court. Noting that defendant Neve was 21 years of age and defendant Johnson was under the age of 26, the court requested the United States Attorney to advise the defendants of the maximum penalty to which they might be subjected if convicted of the offense charged. Defendants were told that for a first offense the maximum penalty for violating 21 U.S.C. § 844(a) was a term of imprisonment of not more than one year, a fine of not more than $5,000, or both such fine and imprisonment. They were also told, however, that they were subject to the provisions of the Youth Corrections Act (18 U.S.C. § 5005 et seq.), under which a youth offender may be sentenced to the custody of the Attorney General for treatment and supervision for a term of up to four years, plus two years of supervision following conditional release. See 18 U.S. C. §§ 5010(b), 5017(c) and 5017(d), and 18 U.S.C. § 4209.

In passing, we note that it is conceded that while in the custody of the Attorney General, the youth offender may be transferred to a federal prison. Of course, the commitment more often is to some other type of institution.

On November 28, 1972, the defendants moved to dismiss the informations on the ground, *inter alia*, that the offenses which the Government sought to charge in the informations were not offenses which, consistent with the Fifth Amendment to the United States Constitution and Rule 7 of the Federal Rules of Criminal Procedure, 18 U.S.C., can be prosecuted by an information, where, as in these cases, the defendants had not waived their right to be proceeded against by indictment.

Upon consideration of briefs and oral argument, the trial court concluded that the youth defendants in these cases could be proceeded against only by indictment by a grand jury and not by information. The motions to dismiss the informations were granted and it was so ordered.

The district court filed a well considered written opinion and order in the *Neve* case, which is reported as United States v. Neve, W.D.Wis., 357 F.Supp. 1 (1973).

In an unreported brief written opinion in United States v. Johnson, filed on April 18, 1973, the trial court ordered that the defendant's motion to dismiss the information be granted for the reasons stated in its reported opinion in United States v. Neve, *supra*.

Since we are satisfied that Judge Doyle in his decision has reached a correct result and for reasons which we approve, we adopt his reported decision and order as our own and on that authority affirm the judgment orders in both cases.

Affirmed.