UNITED STATES of America, Plaintiff-Appellee,

v.

**Douglas Raymond DORSZYNSKI, Defendant-Appellant.**

No. 75–1154.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 25, 1975.

Decided Oct. 15, 1975.

Rehearing and Rehearing En Banc Denied Nov. 10, 1975.

Robert H. Friebert, Milwaukee, Wis., for defendant-appellant.

William J. Mulligan, U. S. Atty., Joseph P. Stadtmueller, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Before HASTINGS, Senior Circuit Judge, SPRECHER and BAUER, Circuit Judges.

SPRECHER, Circuit Judge.

The two major issues presented by this appeal are whether this circuit's requirement that persons subject to the Youth Corrections Act be prosecuted by indictment is retroactive in its application and whether due process requires that the express finding by the trial court that a defendant would not benefit from treatment under that Act be accompanied by supporting reasons.

I

The defendant, Douglas Raymond Dorszynski, pleaded guilty on February 14, 1972 to unlawful possession of 1000 tablets of lysergic acid diethylamide (LSD) in violation of 21 U.S.C. § 844(a) and 18 U.S.C. § 2. He was sentenced to the custody of the Attorney General for a period of one year, 90 days of which were to be served in a jail-type institution. The execution of the remainder of the commitment was stayed and the defendant was placed on probation for a period of two years following his jail sentence.

While serving his sentence, the defendant moved for release from custody pursuant to 28 U.S.C. § 2255, alleging (1) that Fed.R.Crim.P. 11 was not observed because defendant was not advised that he was waiving his privilege against self-incrimination, (2) that he was also not advised that he was subjecting himself to incarceration for a period of six years by entering a plea of guilty pursuant to the Federal Youth Corrections Act, 18 U.S.C. §§ 5005–5026, and (3) that the court made no finding supported by reasons that the defendant would not derive benefit from treatment pursuant to 18 U.S.C. § 5010(b) or (c).

At the time of the hearing on the motion the defendant had completed his jail sentence and was on probation. Believing that the defendant had testified falsely at the hearing, the trial judge terminated the defendant's probation and committed him to custody.

Upon appeal to this court, we held that the defendant understood that he was waiving his right against self-incrimination in accordance with Rule 11 when he pleaded guilty; that inasmuch as defendant's trial counsel had raised the possibility of sentencing defendant as a youth offender, the trial judge was not required to make an explicit finding

that defendant would not derive benefit from treatment under the Youth Corrections Act; and that the trial judge erred in terminating defendant's probation upon a summary determination in a post-conviction proceeding that the defendant had testified falsely. *United States v. Dorszynski*, 7 Cir., 484 F.2d 849 (1973).

The Supreme Court granted certiorari, 414 U.S. 1091, 94 S.Ct. 721, 38 L.Ed.2d 548 (1973). Mr. Chief Justice Burger (joined by Justices White, Blackmun, Powell and Rehnquist) held that "while an express finding of no benefit must be made [under the Federal Youth Corrections Act] on the record, the Act does not require that it be accompanied by supporting reasons." *Dorszynski v. United States*, 418 U.S. 424, 425–26, 94 S.Ct. 3042, 3044, 41 L.Ed.2d 855 (1974). The Chief Justice added in a footnote:

> Petitioner contends he was denied due process because he was deprived of his claimed right to be sentenced under the Act, without a reasoned explanation on the record for the asserted deprivation. We need not address this contention, for it was not raised before the District Court, the Court of Appeals, or in the question presented in the petition for certiorari.

*Id.* at 418 U.S. 431–32, n. 7, 94 S.Ct. 3047, n. 7.

Upon remand the trial court affirmatively made the express finding that the defendant would not benefit from treatment under section 5010(b) or (c) of the Youth Corrections Act, but giving as the only reason for the finding "the severe nature of his misconduct." Although the defendant withdrew his request for a re-sentencing proceeding, the court concluded that it was obliged to re-sentence and "the court sentences the defendant precisely in the manner in which he was previously sentenced."

The defendant appealed to this court for the second time, contending (1) that the trial court should have withdrawn from the case and transferred it to another judge; (2) that the defendant should have been allowed to withdraw his plea of guilty because he was not indicted by a grand jury; (3) that the failure of the trial court to advise the defendant prior to accepting his plea of guilty that he faced a maximum penalty of six years under the Youth Corrections Act constituted reversible error; and (4) that the defendant's right to due process of law was violated by the court's failure to state reasons or a sufficient reason on the record for denying sentencing under the Youth Corrections Act.

## II

■ The defendant first argued that Circuit Rule 23 [1] "expresses a philosophy" which should have persuaded the trial court to transfer the case to another judge.

The case was remanded to the district court for re-sentencing, not for a re-trial, and Circuit Rule 23 applies to a new trial. The rule expresses no philosophy in regard to re-sentencing and certainly did not direct nor even suggest that a remand for re-sentencing should be transferred to another judge.

## III

■ The defendant next argued that he should have been permitted to withdraw his guilty plea because he had not been indicted by a grand jury. An information was filed against the defendant on February 14, 1972, charging him with a violation of 21 U.S.C. § 844(a), the penalty for which is a fine and a term of imprisonment of not more than one year. A federal crime for which the punishment exceeds six months but does

---

1. "Whenever a case tried in a district court is hereafter remanded by this court for a new trial, it shall be reassigned by the district court for a trial before a judge other than the judge who heard the prior trial unless the remand order directs or all parties request that the same judge retry the case."

not exceed a year is a misdemeanor. 18 U.S.C. § 1.

The Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on . . . indictment of a Grand Jury . . . ."

". . . [A]n 'infamous crime' within the meaning of the Amendment is one punishable by imprisonment in a penitentiary . . . and . . . imprisonment in a penitentiary can be imposed only if a crime is subject to imprisonment exceeding one year. . . ." *Green v. United States*, 356 U.S. 165, 183, 78 S.Ct. 632, 642, 2 L.Ed.2d 672 (1958). Therefore, a violation of 21 U.S.C. § 844(a) does not require indictment under the Fifth Amendment or under Fed.R.Crim.P. 7.[2]

Shortly prior to the filing of the information in the present case, the Court of Appeals for the District of Columbia, sitting *en banc*, held on May 7, 1971 in *Harvin v. United States*, 144 U.S.App. D.C. 199, 445 F.2d 675 (1971), *cert. denied*, 404 U.S. 943, 92 S.Ct. 292, 30 L.Ed.2d 257 (1971), that it was not a violation of the Fifth Amendment to prosecute a youth by information where he was sentenced to the custody of the Attorney General for treatment pursuant to the Youth Corrections Act notwithstanding that the period of treatment for such offense may run to six years as a maximum. This result was based on the court's conclusion that a Youth Offender cannot be placed in a penitentiary without the consent of the youth. Consequently, the court held that the sentence under the Youth Corrections Act did not transform a misdemeanor into an infamous crime requiring prosecution by indictment.

After the filing of the information in the present case, the District Court for the Western District of Wisconsin held in *United States v. Neve*, 357 F.Supp. 1 (1973), that a defendant charged with violation of 21 U.S.C. § 844(a) was required to be prosecuted by indictment if subject to the Youth Corrections Act on the ground that " . . . forced confinement for four (and possibly six) years, even in the most enlightened correctional institution, must be considered to constitute a loss at least equivalent to a year and a day in a penitentiary." *Id.* at 3.

This court on February 1, 1974, adopted the district court's opinion as our own in 492 F.2d 465, adding at 466:

> In passing, we note that it is conceded that while in the custody of the Attorney General, the youth offender may be transferred to a federal prison.

The defendant here has argued that the *Neve* holding should apply retroactively to him.

The guiding principles of retroactivity are now well-resolved. *Linkletter v. Walker*, 381 U.S. 618, 629, 85 S.Ct. 1731, 1737, 14 L.Ed.2d 601 (1965), established that "the Constitution neither prohibits nor requires retrospective effect" for decisions expounding new constitutional rules affecting criminal trials.

Retroactivity is mandated where the effect of the new rule, such as one involving the guarantee against double jeopardy, "is to prevent a trial from taking place at all, rather than to prescribe procedural rules that govern the conduct of a trial." *Robinson v. Neil*, 409 U.S. 505, 509, 93 S.Ct. 876, 878, 35 L.Ed.2d 29 (1973).

Also, "[w]here the major purpose of new constitutional doctrine is to overcome an aspect of the criminal trial that substantially impairs its truth-finding function and so raises serious questions about the accuracy of guilty verdicts in

2. Rule 7 provides in part that "[a]n offense which may be punished by imprisonment for a term exceeding one year or at hard labor shall be prosecuted by indictment. . . ." The rule does not enlarge the requirement of an indictment beyond the "capital, or otherwise infamous crime" of the Fifth Amendment. The Notes of the Advisory Committee on Rules stated that "[t]his rule gives effect to the . . . provision of the Fifth Amendment."

past trials, the new rule has been given complete retroactive effect." *Williams v. United States*, 401 U.S. 646, 653, 91 S.Ct. 1148, 1152, 28 L.Ed.2d 388 (1971). "Generally, rulings not primarily designed to enhance the reliability of the fact-finding or truth-determining process have not been applied retroactively." *United States v. Zirpolo*, 450 F.2d 424, 432 (3d Cir. 1971) (denying retroactivity where new rule involved the procedure for grand jury selection).

The *Neve* ruling would not prevent a trial from taking place at all nor would it enhance the reliability of the fact-finding process. Therefore, we are directed to the three criteria of *Stovall v. Denno*, 388 U.S. 293, 297, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967): (1) the purpose to be served by the new standards, (2) the extent of the reliance by law enforcement authorities on the old standards, and (3) the effect on the administration of justice of a retroactive application of the new standards.

Inasmuch as *Harvin* was the only court of appeals authority on the question at the time that the information was filed in this case, it is manifest that the law enforcement authorities relied upon it. The application of full retroactivity for *Neve* would undoubtedly have a profound effect on the administration of criminal justice inasmuch as in many cases the statute of limitations would have run and indictments could not be returned.

The purpose to be served by retroactive application of *Neve* is not clearly defined inasmuch as *Harvin* creates a conflict as to whether the *Neve* policy is desirable at all and presents a situation quite unlike that following a new Supreme Court ruling.

Under these balancing tests, we must conclude that *Neve* is not to be applied retroactively.

### IV

■ Next the defendant argued that the trial court failed to advise him that under the Youth Corrections Act he faced a maximum penalty of up to six years and that his guilty plea was therefore not voluntarily made under Fed.R. Crim.P. 11 and *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

The same argument was made in defendant's first appeal to this court and we held that Rule 11 and *McCarthy* were satisfied. *United States v. Dorszynski*, 484 F.2d 849, 850–51 (7th Cir. 1973).

The defendant had advised the trial court that he understood the penalty to be $5,000 fine and one year in prison (the maximum penalty under 21 U.S.C. § 844(a)) and he was actually sentenced under section 844(a) to one year, 90 days to be served in jail.

In all of the cases where failure to mention the six-year term was held to require pleading anew, the defendant was actually sentenced to the six-year term under the Youth Corrections Act, which did not occur here. *Freeman v. United States*, 350 F.2d 940, 942–43 (9th Cir. 1965); *Choy v. United States*, 322 F.2d 64 (9th Cir. 1963); *Pilkington v. United States*, 315 F.2d 204, 207 (4th Cir. 1963).

### V

■ Finally, the defendant argued that due process requires that the express finding that he would not benefit from treatment under the Youth Corrections Act, be supported by reasons even though the Supreme Court held that reasons were not required by the Act itself.

Mr. Chief Justice Burger's opinion for the Court emphasized that "[i]f there is one rule in the federal criminal practice which is firmly established, it is that the appellate court has no control over a sentence which is within the limits allowed by a statute." *Dorszynski v. United States*, 418 U.S. 424, 440–41, 94 S.Ct. 3042, 3051, 41 L.Ed.2d 855 (1974). The Chief Justice continued:

The "no benefit" finding required by the Act is not to be read as a substantive standard which must be satisfied to support a sentence outside the Act,

for such a reading would subject the sentence to appellate review even though the sentence was permitted by the Act's terms, thereby limiting the sentencing court's discretion. We will not assume Congress to have intended such a departure from well-established doctrine without a clear expression to disavow it. As our review has shown, the exclusive sentencing power of district judges was acknowledged, and Congress' intention to affirm that power was clearly indicated.

Even Mr. Justice Marshall's concurring opinion, joined in by Justices Douglas, Brennan and Stewart, wherein it was urged that the Youth Corrections Act required that the "no-benefit" finding be augmented by a statement of the reasons, contained the following caveat:

Although these considerations apply to sentencing decisions generally, I do not mean to suggest that reasons are required in any other sentencing context.

Id. at 457, 94 S.Ct. at 3059.

We believe that every member of the Court indicated by his approval of the language of either the opinion of the Court or of the concurring opinion, his understanding that, absent the effect of the Act, there was no basis for requiring that the "no-benefit" finding be augmented by supporting reasons. Obviously, if any justice believed that there was a constitutional basis for requiring reasons, he would not have joined in the language quoted above.

We wish to commend court-appointed counsel for the defendant for his able, persistent representation.

The judgment and orders appealed from are affirmed.

Affirmed.