**Charles TIMMRECK, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 6–71867.**

United States District Court, E. D. Michigan, S. D.

Dec. 6, 1976.

---

Kenneth M. Mogill, Halpern, Mogill, Bush, Posner, Weiss & McFadden, Detroit, Mich., for plaintiff.

Richard E. Zuckerman, Sp. Atty., U. S. Dept. of Justice, Detroit Strike Force, Detroit, Mich., for defendant.

## MEMORANDUM OPINION

FEIKENS, District Judge.

Petitioner, Charles Timmreck, pleaded guilty to a violation of 21 U.S.C. § 846 (conspiracy to distribute a controlled substance) on May 24, 1974. On September 19, 1974, he was sentenced to a prison term of ten years, a five thousand dollar committed fine, and a special parole term of five years. Timmreck now brings a motion to vacate this sentence (28 U.S.C. § 2255) claiming that the trial court failed to inform him of the mandatory special parole term prescribed by 21 U.S.C. § 841(b). Timmreck claims that he was not made fully aware of the possible consequences of his plea and asks that the plea and sentence be vacated.

Upon careful review of the transcript of the plea proceedings, it appears that the court informed Timmreck that he could serve as long as fifteen years in jail and be subjected to a fine of $25,000. (Transcript at 7, 8). No mention was made of the mandatory special parole term.

When a guilty plea is taken the court must address the defendant personally in open court in order to determine "that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea." Rule 11, Federal Rules of Criminal Procedure (1966 version).[1]

The United States Supreme Court has construed Rule 11 to "hold that a defendant is entitled to plea anew if a United States district court accepts his guilty plea without fully adhering to the procedure provided for in Rule 11." *McCarthy v. United States,* 394 U.S. 459, 463, 89 S.Ct. 1166, 1169, 22 L.Ed.2d 418 (1969). The Court in *McCarthy* held that the defendant should have been permitted to withdraw his plea when the district judge had neither examined the defendant personally to determine the voluntariness of his plea and his awareness of the nature of the charge nor made a record of the factual basis for the plea.

Although *McCarthy* was not a § 2255 case, the United States Court of Appeals for the Sixth Circuit has made reference to its holding in reviewing motions made pursuant to 28 U.S.C. § 2255. In *Harris v. United States,* 426 F.2d 99 (6th Cir. 1970), for example, the defendant had not been informed that he was ineligible for parole. The court remanded for a hearing to determine whether the defendant had known of his parole ineligibility, but had the plea

---

1. The Rule 11 referred to in this opinion is the rule in effect when Timmreck made his plea. The rule now in effect requires the court to address the defendant personally to inform him of and to determine that he understands

"the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law."

Rule 11(c)(1), Federal Rules of Criminal Procedure (1975 version).

The court would reach the same decision in this case if the 1975 version had been in effect when Timmreck's plea was taken.

been made after the effective date of *McCarthy,* the court would have vacated the sentence. *Harris,* at 101. In *Harris,* the United States Court of Appeals approved " . . . [A]n interpretation of Rule 11 which 'requires a personal explanation of *anything which affects the length of detention. . . .*'" [original emphasis]. *Spradley v. United States,* 421 F.2d 1043, 1046 (5th Cir. 1970), quoted in *Harris* at 101. *See also United States v. Wolak,* 510 F.2d 164, 166 (6th Cir. 1975) (The trial judge must personally "inform a defendant of the minimum sentence, either custodial or parole where there is a mandatory minimum, and of any special limitation on parole or probation."); *Phillips v. United States,* 519 F.2d 483, 485 (6th Cir. 1975) ("The requirement [is] that the judge personally discuss the consequences of the plea with a defendant at the time the plea is offered.").

The United States Court of Appeals for the Sixth Circuit has never directly addressed the situation presented in this case.[2] *Wolak* dealt with a situation in which the trial judge had informed the defendant of the existence of a special parole term but had neglected to explain its meaning when the defendant indicated his lack of understanding. In *Phillips,* the trial judge had not addressed the defendant about any of the consequences of his plea but had relied on assurances of defense counsel that defendant had been fully advised by him. ▮ .Here the court told Timmreck that he could be imprisoned for fifteen years; Timmreck was then sentenced to ten years in jail plus a five-year special parole term. Since the jail sentence and the parole term together equal the term of imprisonment which Timmreck was informed he could receive, he was not prejudiced by the court's failure to inform him of the mandatory special parole term. Absent some indication of prejudice to the defendant or a complete miscarriage of justice, Section 2255 is unavailable to correct mere technical errors.

This is not to say, however, that every asserted error of law can be raised on a § 2255 motion. In *Hill v. United States,* 368 U.S. 424, 429 [82 S.Ct. 468, 472, 7 L.Ed.2d 417] (1962), for example, we held that "collateral relief is not available when all that is shown is a failure to comply with the formal requirements" of a rule of criminal procedure in the absence of any indication that the defendant was prejudiced by the asserted technical error. We suggested that the appropriate inquiry was whether the claimed error of law was "a fundamental defect which inherently results in a complete miscarriage of justice," and whether "[i]t . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent." *Id.,* at 428 [82 S.Ct. [468], at 471]. (internal quotation marks omitted).

*Davis v. United States,* 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974).

The United States Courts of Appeals for the Fourth, Seventh and Eighth Circuits have applied the *Davis* reasoning in cases similar to this one. In *Bell v. United States,* 521 F.2d 713 (4th Cir. 1975), *cert. denied,* 424 U.S. 918, 96 S.Ct. 1121, 47 L.Ed.2d 324 (1976), the trial judge had informed the defendant that he could receive a prison sentence of fifteen years if he pleaded guilty. The defendant was later sentenced to six years' imprisonment and a three-year special parole term. The court

---

**2.** In *United States v. Cunningham,* 529 F.2d 884 (6th Cir. 1976), the court did address a similar situation indirectly. In that case the trial judge permitted defendants to withdraw their pleas after imposition of sentence solely because he had failed to inform them of the special parole term. Defendants were tried and convicted. On appeal, the Sixth Circuit found occasion to remark:

" . . . [D]efendants were entitled to withdraw their pleas in this case because the district court did not comply with Rule 11, Federal Rules of Criminal Procedure, in fail-.ing to inform defendants of the possibility of special parole terms as provided by Sec. 841(b) . . . [citations omitted]. If the error had not been .corrected at this point in the proceedings, it could have been raised through motion under 28 U.S.C. Sec. 2255." *Cunningham* at n. 2.

held that where the prison sentence together with the special parole term were no more than the maximum prison term of which the defendant had been advised, vacation of the plea was not required either to insure its voluntariness or to create an adequate record under Rule 11. In *Bell,* the court decided that the requirements of *McCarthy* were satisfied since the defendant had been informed of those consequences of his plea which would have an effect on the range of his punishment. *Bell* at 715.

Similarly, in *McRae v. United States,* 540 F.2d 943 (8th Cir. 1976), the United States Court of Appeals for the Eighth Circuit stated:

> [U]nder *Davis* the ultimate question to be determined is this: was there a fundamental defect in the proceedings which inherently resulted in a complete miscarriage of justice and presented exceptional circumstances that justify collateral relief?

*McRae* at 947.

In *McRae,* the court answered in the negative where the defendant had made a Rule 11 bargain for a seven year maximum prison term and his prison sentence and special parole term together equaled six years. *See also Sappington v. United States,* 523 F.2d 858 (8th Cir. 1975) (Webster, J., concurring).

The United States Court of Appeals for the Seventh Circuit upheld a ten year sentence and a three-year special parole term where the defendant had been advised that he could receive a sentence of fifteen years. *Bachner v. United States,* 517 F.2d 589 (7th Cir. 1975). Particularly instructive is the analysis of Judge Stevens:

> In this case I am satisfied that the trial judge's failure to advise the petitioner that he would have to serve a special parole term of at least three years after his release from prison did not make his plea involuntary. If there had been a material difference between the punishment which the judge had the power to impose and the punishment which the judge advised the defendant he could re-

ceive, the advice might be sufficiently deceptive to make the plea involuntary. That conclusion would follow regardless of what sentence the judge might impose; for, as I previously suggested the voluntariness of the defendant's choice is unaffected by an event occurring after his choice is made. In this case, I agree that the mandatory parole term, though a matter of importance, is a comparatively minor factor when considered in connection with the judge's advice to the defendant that he might be imprisoned for as long as 15 years. The omission, in my judgment, did not make the advice which was actually given materially misleading; accordingly, the plea was voluntary.

> On the fairness issue, I think the advice should be compared with the actual sentence rather than with a correct statement of the sentence that might properly have been imposed. As long as the actual sentence was less than the maximum as described in the judge's advice, I would find no unfairness—and certainly not any unfairness sufficiently grave to qualify as constitutional error.

*Bachner* at 599 (Stevens, J., concurring). *See also United States v. Dorszynski,* 524 F.2d 190 (7th Cir. 1975), *cert. denied,* 424 U.S. 977, 96 S.Ct. 1483, 47 L.Ed.2d 747 (1976); *Gates v. United States,* 515 F.2d 73 (7th Cir. 1975).

In none of the recent decisions which do indicate that a sentence should be vacated simply because the trial judge neglected to inform the defendant of a special parole term does it appear whether the prison sentence together with the special parole term exceeded the maximum prison term of which the defendant had been advised. *See Roberts v. United States,* 491 F.2d 1236 (3rd Cir. 1974); *Ferguson v. United States,* 513 F.2d 1011 (2d Cir. 1975); *United States v. Harris,* 534 F.2d 141 (9th Cir. 1976); *United States v. Jones,* 540 F.2d 465 (10th Cir. 1976).

This is crucial. If the prison sentence together with the special parole term did exceed the maximum which the court had advised the defendant he could receive, that

would amount to fundamental unfairness and would be reason to vacate or modify the sentence. However, that is not the situation in Timmreck's case. Timmreck's plea was voluntary; there was no fundamental unfairness in the proceeding.[3]

Accordingly, Timmreck's motion to vacate sentence is denied. An order is entered herewith.

---

**3.** In Timmreck's case the court notes also two additional factors: (1) defense counsel's assurance that he had told Timmreck about the possible consequences of his plea (Transcript at 16) and (2) the two years between sentence and motion to vacate. Both factors were viewed by the court in *McRae* as further indications of the voluntariness of the plea and the essential fairness of the proceeding. *McRae* at 947.