UNITED STATES of America, Plaintiff,

v.

Glenn Kanemo DAVIS, Defendant.

Crim. No. 77–00188.

United States District Court,
D. Hawaii.

May 2, 1977.

Robert A. Manekin, Special Asst., Navy Legal Service, San Francisco, Cal., Harold M. Fong, U.S. Atty., Honolulu, Hawaii, for plaintiff.

Clayton C. Ikei, Honolulu, Hawaii, for defendant.

## DECISION AND ORDER GRANTING TRIAL BY JURY

SAMUEL P. KING, Chief Judge.

Defendant was arrested for trespassing on Kaho'olawe Island[1] in violation of 18 U.S.C. § 1382.[2]

■ The maximum penalty specified by this section is $500 fine and 6 months imprisonment, but because defendant is under the age of 26 years[3] and therefore potentially subject to the extended confinement prescribed by the Youth Corrections Act by virtue of 18 U.S.C. § 4216,[4] the government proceeded against him[5] by way of indictment as required in this circuit by *United States v. Ramirez,* 524 F.2d 283 (9th Cir. 1976).[6]

■ Defendant elected pursuant to 18 U.S.C. § 3401[7] to be tried before a judge of the district court. He then made demand for trial by jury.[8]

■ In the light of the teachings of *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct.

1. Kaho'olawe Island is part of the State of Hawaii. It is being used by the United States Navy as a bombing target for air and ground bombing exercises.

2. 18 U.S.C. § 1382 reads as follows:

    Whoever, within the jurisdiction of the United States, goes upon any military, naval, or Coast Guard reservation, post, fort, arsenal, yard, station, or installation, for any purpose prohibited by law or lawful regulation; or

    Whoever reenters or is found within any such reservation, post, fort, arsenal, yard, station, or installation, after having been removed therefrom or ordered not to reenter by any officer or person in command or charge thereof—

    Shall be fined not more than $500 or imprisoned not more than six months, or both.

3. Defendant is presently 24 years old.

4. A result of the interplay among 18 U.S.C. § 4216, 18 U.S.C. § 5010(b), and 18 U.S.C. § 5017(c) is that a person sentenced under the Youth Corrections Act may be committed to the custody of the Attorney General for incarceration for a period of 6 years with a mandatory requirement for conditional release on parole at the end of 4 years.

5. Another person was arrested and charged at the same time and for the same offense as this defendant. He was indicted under the same indictment and also elected to be tried before a district judge. He has already attained his 27th birthday.

6. *Contra, Harvin v. United States,* 144 U.S.App. D.C. 199, 445 F.2d 675 (1971) (*en banc*), cert. denied, 404 U.S. 943, 92 S.Ct. 292, 30 L.Ed.2d 257. *Accord, United States v. Reef,* 268 F.Supp. 1015 (D.Colo.1967); *United States v. Neve,* 357 F.Supp. 1 (W.D.Wis.1974), *aff'd* 492 F.2d 465 (7th Cir. 1974).

7. Defendant is one of several persons arrested for trespassing on Kaho'olawe as a result of an ongoing dispute over the continued use of the island as a target by the military. All have elected to be tried by a district judge. Presumably this problem would not have arisen absent such an election, as the magistrate could not sentence a defendant under 18 U.S.C. chap. 402.

8. Whether defendant's co-defendant will be tried at the same time is still undecided.

1444, 20 L.Ed.2d 491 (1968),[9] *Cheff v. Schnackenberg,* 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966),[10] and *Ramirez, supra,*[11] I am of the opinion that defendant has a right to trial by jury guaranteed by the Sixth Amendment.

Accordingly, trial by jury is ORDERED.

**9.** *Duncan, supra,* teaches that the penalty authorized for a particular crime is of major relevance in determining whether it is serious or not and may in itself, if severe enough, subject the trial to the mandates of the Sixth Amendment.

**10.** *Cheff, supra,* makes it clear that crimes carrying possible penalties up to 6 months do not require a jury trial if they otherwise qualify as petty offenses. 18 U.S.C. § 1(3) defines a petty offense as a "misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both."

**11.** *Ramirez, supra,* notes that, although the rationale for upholding the Youth Corrections Act may have been that the Act is rehabilitative with confinement under different conditions and terms than those a defendant would undergo in an ordinary prison, in fact the old distinctions between rehabilitative confinement and punitive imprisonment, prison and jail, and imprisonment at hard labor or without hard labor, which underlay the rationale of *Harvin, supra* n. 6, have disappeared with the development of the federal prison system.