# Constitutionality of Allowing Punishment of Misdemeanor by a Sentence Exceeding One Year

The Fifth Amendment to the Constitution requires that offenses punishable by imprisonment for more than one year be prosecuted by an indictment presented to a grand jury.

Proposed amendments to the Lacey Act, by which misdemeanor violations of the Act could result in up to five years' imprisonment if the defendant were designated a "special offender," must be construed to require prosecution by indictment in all cases.

March 30, 1981

## MEMORANDUM OPINION FOR THE CHIEF, WILDLIFE SECTION, LAND AND NATURAL RESOURCES DIVISION

This responds to your request for our views regarding a proposed amendment to the Lacey Act (Act), 18 U.S.C. § 43. According to information you have provided us, the Safari Club International, an organization of "sportsmen," has proposed an amendment whereby criminal violations of the Act would be misdemeanors, unless the defendant were designated a "special offender." A court could sentence a "special offender" to a term of imprisonment up to five years. You have asked us to comment on the constitutionality of sentencing a defendant to a felony penalty when the underlying violation is a misdemeanor prosecuted by way of information rather than indictment. For reasons explained below, we conclude that such a statutory scheme would require that all offenses under the statute be brought before a grand jury.

The proposed amendment is patterned after the "dangerous special offender" criminal statute, which authorizes a prosecutor in a felony case to file a notice that the defendant is a "dangerous special offender." 18 U.S.C. § 3575(a). If, after the defendant is convicted by a plea of guilty or otherwise, it appears at a hearing the defendant is a "dangerous special offender," an increased penalty may be authorized. 18 U.S.C. § 3575(b). The proposed Lacey Act amendment in question here similarly would authorize an attorney prosecuting alleged violators of the Act to file a notice specifying that the defendant is a "special offender." A defendant could be adjudged a "special offender" if any one of three conditions is met: (1) the defendant has been convicted for three or more offenses involving illegal taking of fish and wildlife, or of plants; (2) the defendant committed the violation as part of a pattern of

87

criminal conduct which constituted a substantial source of his income and in which he manifested special skill or expertise; or (3) the defendant was engaged in a conspiracy with five or more persons. Other than increasing the threshold requirements for special offender status, these categories are almost identical to the categories of § 3575(c).

The Fifth Amendment provides in part as follows:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . .

When faced with the necessity of defining the words "otherwise infamous crime," the Supreme Court in 1886 looked for the answer in English, Irish, and early American law, and concluded:

> [W]hether a man shall be put upon his trial for crime without a presentment or indictment by a grand jury of his fellow citizens depends upon the consequences to himself if he shall be found guilty.
>
> ✧      ✧      ✧      ✧      ✧
>
> . . . When the accused is in danger of being subjected to an infamous punishment if convicted, he has the right to insist that he shall not be put upon his trial, except on the accusation of a grand jury.

*Ex Parte Wilson,* 114 U.S. 417, 423, 426 (1885). The Court decided that a crime punishable by imprisonment for a term of years at hard labor was an infamous crime within the meaning of the Fifth Amendment. *Id.* at 429. In a series of subsequent decisions, it was established that an infamous crime is one punishable by imprisonment in a penitentiary or at hard labor. *See United States* v. *Moreland,* 258 U.S. 433 (1922); *In Re Claasen,* 140 U.S. 200 (1891); *Mackin* v. *United States,* 117 U.S. 348 (1886). Since imprisonment in a penitentiary may be imposed only if a crime is punishable by imprisonment exceeding one year, 18 U.S.C. § 4083, the rule has come to be stated that a crime is infamous if it is punishable by imprisonment for more than one year. *See Duke* v. *United States,* 301 U.S. 492 (1937).

Rule 7(a) of the Federal Rules of Criminal Procedure gives effect to this Fifth Amendment requirement by providing:

> An offense which may be punished by imprisonment for a term exceeding one year or at hard labor shall be prosecuted by indictment . . . [unless waived].

The Rule does not enlarge the requirement of an indictment beyond the "capital, or otherwise infamous crime" of the Fifth Amendment. It simply incorporates the criteria which have been established by the Supreme Court. *Harvin* v. *United States,* 445 F.2d 675, 678 (D.C. Cir. 1971).

Applying these criteria to the question at hand, it is apparent that if the defendant qualifies for treatment as a "special offender," prosecution must be by indictment.[1] The closest analogy to this situation we found in decided cases is the lengthened sentence authorized for youthful offenders under the Youth Corrections Act, 18 U.S.C. §§ 5005–5025. Under that Act, a defendant under the age of 26 years may be committed to the custody of the Attorney General for a period up to six years, even if the offense for which he is convicted is a misdemeanor. 18 U.S.C. §§ 4216, 5010(b), 5017(c). Many defendants prosecuted by way of informations have challenged their convictions, alleging that they were entitled to grand jury indictments. Those cases which have held that an indictment is required include *United States* v. *Ramirez,* 556 F.2d 909 (9th Cir. 1976);[2] *United States* v. *Davis,* 430 F.Supp. 1263 (D. Haw. 1977; *United States* v. *Neve,* 357 F. Supp. 1 (W.D. Wisc. 1973), *aff'd,* 492 F.2d 465 (7th Cir. 1974); *United States* v. *Reef,* 268 F. Supp. 1015 (D. Colo. 1967). Conversely, the District of Columbia Circuit Court of Appeals ruled, in an *en banc* 6–4 decision, that an indictment is not necessary for prosecutions under the Youth Corrections Act. *Harvin* v. *United States,* 445 F.2d 675 (D.C. Cir. 1971). This ruling was based on the fact that the purpose of the extended sentence for a youthful offender was to insure proper treatment and was not a reflection of the prevailing views of society as to the infamous or non-infamous character of the crime. *Id.* at 678. It was also based on the court's finding that the Youth Corrections Act does not permit a sentence under it to be served in a penitentiary.[3] Neither of these bases is applicable to the proposed "special offender" amendment to the Lacey Act. The increased penalty would reflect societal judgment of the crime and the sentence probably would be served in a penitentiary.

Even as to a defendant who does not qualify as a "special offender," an indictment may be required. If a defendant under this proposed amendment did not satisfy one of the three conditions of "special offender" status noted above, he or she could be imprisoned no more than one year. The proposed amendment does not require, however, that the facts justifying such status be alleged in the charging document so the maximum sentence would not be initially apparent. Under somewhat different but analogous facts, the Supreme Court has required an indictment. In *Smith* v. *United States,* 360 U.S. 1 (1959), the petitioner was charged with a violation of the Federal Kidnapping Act, 18 U.S.C. § 1201, which was punishable by death if the victim was not liberated

---

[1] The mere designation of a crime as a felony or misdemeanor is not itself determinative. *See Ex Parte Brede,* 279 F. 147 (E.D.N.Y. 1922), *aff'd sub nom. Brede* v. *Powers,* 263 U.S. 4 (1923)

[2] This opinion was withdrawn when the court was later informed that an indictment had been filed. *United States* v. *Ramirez,* 556 F 2d 909, 926 (9th Cir. 1976). In *United States* v. *Indian Boy X,* 565 F 2d 585 (9th Cir. 1977), the court points out that *Ramirez* was withdrawn and rules that juvenile proceedings under Federal Juvenile Delinquency Act, 18 U S C. §§ 5031–5042 may be initiated by information.

[3] This finding was disputed by the dissenting judges in *Harvin* and by the Ninth Circuit in *Ramirez.*

unharmed. He had waived indictment and was prosecuted by information. The information did not state whether the victim was released harmed or unharmed. The Court held that the waiver of indictment was not valid.[4] The Court's reasoning is equally applicable to the proposal here. The Court explained its reasoning as follows:

> Under the statute, that offense is punishable by death if certain proof is introduced at trial. When an accused is charged, as here, with transporting a kidnapping victim across state lines, he is charged and will be tried for an offense which *may* be punished by death. Although the imposition of that penalty will depend on whether sufficient proof of harm is introduced during the trial, that circumstance does not alter the fact that the offense itself is one which *may* be punished by death and thus must be prosecuted by indictment. In other words, when the offense as charged is sufficiently broad to justify a capital verdict, the trial must proceed on that basis, even though the evidence later establishes that such a verdict cannot be sustained because the victim was released unharmed. It is neither procedurally correct nor practical to await the conclusion of the evidence to determine whether the accused is being prosecuted for a capital offense. For the trial judge must make informed decisions prior to trial which will depend on whether the offense may be so punished.

360 U.S. at 8. For similar reasons, the Court likely would conclude here that where an indictment is not waived, the government must proceed by way of the grand jury.

We conclude that the Fifth Amendment would impose a constitutional barrier against the use of informations to prosecute violations under this proposed amendment to the Lacey Act.[5]

LARRY L. SIMMS
*Acting Assistant Attorney General*
*Office of Legal Counsel*

---

[4] Indictment may not be waived in capital cases. *See* Fed. R. Crim. P. 7(a).

[5] You also ask whether we have any experience with other statutes that might require misdemeanors to proceed by indictment. We do not.