**Robert G. MEYER, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. CV 91–3476.**

United States District Court, E.D. New York.

Oct. 6, 1992.

Robert G. Meyer, pro se.

Andrew J. Maloney, U.S. Atty. by Jason Brown, Asst. U.S. Atty., Brooklyn, N.Y., for respondent.

### MEMORANDUM AND ORDER

WEXLER, District Judge.

Robert G. Meyer ("Meyer"), appearing *pro se*, moves pursuant to 28 U.S.C. § 2255 to modify the sentence of eighteen years of imprisonment and a consecutive life term of special parole that he is currently serving. He claims, *inter alia*, that he was unaware that a special parole term would be imposed because it was not mentioned in his plea agreement and because the Court

failed to advise him in open court of the effect of such a term. He thus asserts that this Court erred in imposing such a term as part of his sentence. For the reasons that follow, Meyer's motion is granted and his sentence is modified as set forth below.

## I. BACKGROUND

In September 1980, Meyer and several accomplices forced, at gunpoint, the manager of the Rexar Pharmacal Corp. ("Rexar"), located in Valley Stream, New York, to open Rexar's drug vault. They then handcuffed the manager and two other Rexar employees and took from the vault approximately 390,000 amphetamine tablets and a quantity of amphetamine powder. Little more than a year later, in December of 1981, Meyer and his accomplices abducted the same Rexar manager from his home and forced him to open the Rexar plant. On this occasion, they robbed Rexar of approximately 700,000 amphetamine capsules and 350 pounds of crystalline amphetamine.

In April 1986, Meyer was indicted on five counts arising from the two robberies: (1) conspiring to take controlled substances by force with the intent to distribute, a violation of 21 U.S.C. § 846; (2) robbery, under 18 U.S.C. § 1951; (3) & (4) intentionally possessing with intent to distribute and distributing amphetamine, a schedule III controlled substance, in violation of 21 U.S.C. § 841(a)(1) & (2); and (5) engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848. Meyer was alleged to have been the organizer, supervisor, and manager of the enterprise.

Plea negotiations led to an agreement to dismiss three of the counts in exchange for guilty pleas to the charges of robbery and distribution of a controlled substance. Meyer was given the choice of two sentencing options. The first option was as follows:

It is expressly agreed pursuant to Fed. Crim.P. [sic] 11(e)(1)(C) that a) as to Count Two of the Indictment, a sentence

to incarceration for no more than twenty years will be imposed on defendant Meyer; and b) any period of incarceration imposed on Count Four shall be served concurrent with the agreed upon sentence to be imposed for Count Two.

The second option would have imposed a term of fifteen years of imprisonment followed by a special parole term of ten years.[1] Meyer chose the former option and signed an agreement to that effect on September 15, 1986. On September 19, 1986, he pleaded guilty.

In his presentence memorandum, delivered after his guilty plea, Meyer urged the Court to impose a short prison term on the basis of his "remarkable effort to reintegrate" into society since a previous term of incarceration. Presentence Memorandum at p. 2. In exchange for a short term of imprisonment, Meyer suggested that the Court impose a lengthy special parole term. Id. As counsel for Meyer explained, a "lengthy consecutive special parole term ... teamed with a moderate term of incarceration ... [w]ould ensure that [Meyer] would be incarcerated for the rest of his life if he reverts to his old ways" after release from prison. Id. Moreover, the presentence report proffers that "[t]his plan would permit [Meyer] to return to work to help support his family while under extended supervision...." Id. at 14 (emphasis added).

On December 5, 1986, this Court sentenced Meyer to eighteen years of incarceration to be followed by a life term of special parole. Meyer does not dispute that this sentence was within the statutory range that the Court was allowed to impose. Rather, he now contends that the special parole term was inconsistent with the plea agreement that he signed on September 15, 1992. Meyer asserts that: (1) he was unaware that a special parole term would be imposed because it was not mentioned in the plea agreement; (2) this Court did not advise him in open court of the effect of a special parole term, as required by Rule 11(c)(1) of the Federal Rules of

---

**1.** It is to be noted that the § 841 distribution violation mandates a Special Parole Term of at least three years whenever imprisonment is imposed. 21 U.S.C. § 841(b)(1)(A).

Criminal Procedure;[2] and (3) the government knew the plea agreement to be a misrepresentation.

## II. DISCUSSION

■ 28 U.S.C. § 2255 authorizes the sentencing court to discharge or resentence a prisoner in custody if the court concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack...." 28 U.S.C. § 2255; *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979) (quoting § 2255). To be cognizable under a writ of habeas corpus, an error must be a fundamental defect resulting in "a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962). It is to be noted that an error that would justify reversal on an appeal is not necessarily sufficient to support a collateral attack on a final judgment. *Addonizio*, 442 U.S. at 184, 99 S.Ct. at 2240.

In the instant action, Meyer collaterally attacks on two grounds the guilty plea and the concomitant plea agreement. First, Meyer argues that in accepting his guilty plea without informing him of the mandatory special parole term, the Court made an error "inconsistent with the rudimentary demands of fair procedure" and reaching the magnitude of a "complete miscarriage of justice." Meyer's Motion at 8. Second, he claims that the United States Attorney's Office knowingly entered into a plea agreement which it knew to be a misrepresentation. *Id.* at 4.

■ Before accepting a guilty plea, a district judge is mandated to address the defendant personally in open court to make sure he understands the minimum and maximum penalties as well as the effect of special parole. Fed.R.Crim.P. 11(c); *see also Moore v. United States*, 592 F.2d 753, 755 (4th Cir.1979). Mere failure to comply with the formal requirements of Rule 11 is not an error of constitutional or jurisdictional magnitude. *United States v. Timmreck*, 441 U.S. 780, 783, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979) (citations omitted). Indeed, the Supreme Court has declared that collateral relief is unavailable under § 2255 "when all that is shown is a failure to comply with the formal requirements of the Rule." *Id.* at 785, 99 S.Ct. at 2088 (quoting *Hill*, 368 U.S. at 429, 82 S.Ct. at 472).

■ Thus, to receive habeas relief, Meyer must show more than a technical violation of Rule 11. He also must show that the violation: (1) was of constitutional or jurisdictional import; (2) resulted in a "complete miscarriage of justice;" (3) occurred in a proceeding "inconsistent with the rudimentary demands of fair procedure;" or (4) occurred in a context of other aggravating circumstances. *Hill*, 368 U.S. at 428, 82 S.Ct. at 471; *see also Timmreck*, 441 U.S. at 783, 99 S.Ct. at 2087; *Del Vecchio v. United States*, 556 F.2d 106, 111 (2d Cir.1977).

In *Timmreck*, the district judge informed respondent that he could be sentenced to fifteen years of incarceration and a $25,000 fine. However, the judge failed to inform him of the mandatory minimum three year special parole term imposed by 21 U.S.C. § 841(b)(1)(A). *Timmreck v. United States*, 423 F.Supp. 537, 538 (E.D.Mich. 1976), *rev'd*, 577 F.2d 372 (6th Cir.1978), *rev'd*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979). Timmreck pleaded guilty and thereafter was sentenced to ten years of incarceration, a special parole term of five years, and a $5,000 fine. *Id.* As in the case before this Court, no objection to the sentence was raised at that time, and no appeal was taken.

---

2. At the time of Meyer's plea hearing on September 19, 1986, Rule 11(c)(1) of the Federal Rules of Criminal Procedure stated, in relevant part: "Before accepting a plea of guilty ... the court must address the defendant personally in open court and inform him of, and determine that he understands ... the maximum possible penalty provided by law, including the effect of any special parole term...."

*Timmreck,* 441 U.S. at .783, 99 S.Ct. at 2087.

Thereafter, Timmreck moved to vacate the sentence pursuant to § 2255. He argued that the district judge violated Rule 11 when he accepted his plea without explaining that a special parole term would be imposed. The trial court acknowledged the Rule 11 violation but concluded that Timmreck had not been prejudiced "inasmuch as he had received a sentence within maximum described to him at the time the guilty plea was accepted." *Id.* (interpreting *Timmreck,* 423 F.Supp. at 541).

The Sixth Circuit reversed. It determined that habeas relief was appropriate, even absent constitutional error or a showing of special prejudice to respondent. *Timmreck v. United States,* 577 F.2d 372, 377 (6th Cir.1978), *rev'd,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979).

The Supreme Court reversed the Sixth Circuit. It held that the technical failure to comply with the formal requirements of Rule 11 did not provide a basis for collateral attack, especially where the respondent did not argue that he was in fact unaware of the mandatory special parole term or that had he known, he would not have pleaded guilty. *Timmreck,* 441 U.S. at 783–84, 99 S.Ct. at 2087–88.

■ Meyer attempts to distinguish his case from *Timmreck* by claiming that he was unaware that a special parole term was mandatory and that had he been aware that such a term was mandatory, he would have chosen the alternative sentencing offer. Meyer's Motion at 7. The government asserts that Meyer was aware of the mandatory special parole term and that he opted for the first sentencing option to "preserve the possibility of receiving *less than* [the] fifteen years of incarceration [set forth by the second agreement], not to exclude the possibility of a special parole term." Response to Meyer's § 2255 Motion at 3. The government argues that Meyer's awareness is evinced by the numerous references in the Presentence Memorandum to the imposition of such a term. *Id.* at 4–6.

It cannot be said that Meyer knew at the time he pleaded guilty that a special parole term was *mandatory.* However, a fair reading of the presentence memorandum indicates that he was aware, prior to the date of sentencing, that such a term would likely be part of his sentence. In fact, he himself urged the Court to impose a "lengthy" term of special parole in place of a long term of incarceration. Presentence Memorandum at 2.

Nevertheless, it would be manifestly unfair for this Court to speculate about Meyer's motivation in choosing the first sentencing option. Moreover, the government's argument that relief should be denied because Meyer knew of the "possibility" of a special parole term fails when it is considered in light of the fact that such a term is statutorily mandated. 21 U.S.C. § 841(b)(1)(A).

The Second Circuit has stated that a "defendant must at least show prejudice affecting the fairness of the proceedings or the voluntariness of the plea in order to succeed in a collateral attack based on a Rule 11 violation." *Del Vecchio,* 556 F.2d at 111 (citations omitted). That court concluded that a judge's failure to advise a defendant of a mandatory special parole term was not prejudicial where the term of imprisonment, coupled with a term of special parole, was less than the possible maximum term of which defendant had been advised. *Id.*

The same cannot be said in the instant case. Meyer chose to plead to a sentencing option that called for a term of imprisonment of up to twenty years. He received a term of eighteen years of incarceration and a lifetime term of special parole. Assuming that he lives for more than two years after his release from prison, his actual sentence will *exceed* that which he was promised.

For this reason alone, the Court concludes that the failure by it and by the government to advise Meyer of the special parole term, combined with this Court's failure to advise him at sentencing of the effect of such a term, constitutes sufficient prejudice to him to be categorized as "a fundamental defect which inherently re-

sults in a complete miscarriage of justice," *Hill*, 368 U.S. at 428, 82 S.Ct. at 471, justifying habeas relief. *See Timmreck*, 423 F.Supp. at 540–41 ("If the prison sentence together with the special parole term did exceed the maximum which the court advised the defendant he could receive, that would amount to fundamental unfairness and would be reason to vacate or modify the sentence.") (dicta). That said, it is unnecessary to consider Meyer's claim that the government knew the plea agreement to be a misrepresentation.

Even though Meyer did not understand that a special parole term would be imposed, the Court is not required to set aside his plea. *Moore*, 592 F.2d at 756. Rather, if his sentence were corrected by reducing his term of incarceration from eighteen years to seventeen years, and his special parole term from life to the minimum three years mandated by 21 U.S.C. § 841(b)(1)(A), it would conform to what Meyer understood to be the maximum sentence to which he exposed himself by pleading guilty. Thus, "any prejudice from the Rule 11 violation would be cured." *Id.*

### III. CONCLUSION

For the foregoing reasons, petitioner's motion pursuant to 28 U.S.C. § 2255 is granted. Accordingly, Meyer's sentence is modified as follows: (1) his term of incarceration is hereby reduced from eighteen years to seventeen years; and (2) special parole is reduced from a term of life to a term of three years as required by statute. The Clerk of the Court is directed to serve a copy of this Order on the Federal Bureau of Prisons, the United States Parole Commission, the United States Department of Probation, and the Warden of the Lewisburg Penitentiary.

SO ORDERED.