**Jack BLONDELL, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

Sept. 16, 1977.

Rehearing Denied Nov. 18, 1977.

Jack E. Farley, Public Defender, Linda K. West, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., James L. Dickinson, Asst. Atty. Gen., Frankfort, for appellee.

LUKOWSKY, Justice.

The only question presented by this appeal that is worthy of discussion is whether KRS 533.060(1) operates as an ex post facto law when it is applied to Blondell. We answer the question in the affirmative.

On September 30, 1976 Blondell was found guilty of raping and sodomizing a female on May 22, 1976 through the use of forcible compulsion, contrary to KRS 510.-040 and 510.070. Both offenses are Class B felonies. The forcible compulsion consisted of the use of a pistol. On November 4, 1976 he was sentenced to twenty years in prison for each offense. The sentences were to run concurrently. On December 13, 1976 he applied to the trial court for shock probation. On January 5, 1977 the trial court denied his application on the basis that KRS 533.060(1) revoked its authority to consider or grant such an application.

KRS 533.060(1) provides:

"When a person has been convicted of an offense or has entered a plea of guilty to an offense classified as a Class A, B, or C felony and the commission of such offense involved the use of a weapon from which a shot or projectile may be discharged that is readily capable of producing death or other serious physical injury, such person shall not be eligible for probation, shock probation or conditional discharge."

The trial court found that the pistol used by Blondell was a weapon from which a shot or projectile could be discharged that was readily capable of producing death or other serious physical injury. This statute was passed by the General Assembly at its regular 1976 session. It was signed and approved by the Governor on March 29, 1976. It became effective on June 19, 1976. Chapter 180, Acts of 1976.

Blondell contends that this statute is an ex post facto law when it is applied to him because the offenses of which he stands convicted were committed on May 22, 1976, the statute did not take effect until June 19, 1976, and the statute changes preexisting law to his detriment or disadvantage.

In *Calder v. Bull,* 3 Dall. 386, 390, 3 U.S. 386, 390, 1 L.Ed. 648 (1798), the Supreme Court of the United States gave this much quoted list of ex post facto laws:

"1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action.

2d. Every law that aggravates a crime, or makes it greater than it was, when committed.

3rd. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.

4th. Every law that alters the legal rules of evidence, and receives less, or different testimony, than the law required at the time of the commission of the offense, in order to convict the offender."

It seems to us that items 2 and 3 are really no more than different ways of expressing a single idea and that it is upon this fulcrum that Blondell breaks the back of the statute.

The conclusion can not be avoided that the statute increases the punishment for the offense after its commission. For the confined prisoner, shock probation—even with its legal constraints—is a long step

toward regaining lost freedom. See *Morrissey v. Brewer*, 408 U.S. 471, 482, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Only an unusual prisoner could be expected to think that he was not suffering a penalty when he was denied opportunity for consideration for shock probation. See *Warden v. Marrero*, 417 U.S. 653, 662, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974).

The Commonwealth raises the spectre that shock probation is merely a matter of legislative grace which may be granted or withheld as a matter of judicial discretion and therefore is not within the ambit of constitutional protection. The short answer to this is that it fails to distinguish between the availability of shock probation as a rehabilitative technique and the wisdom of its use in regard to a particular prisoner. It may be "legislative grace" for the General Assembly to provide for shock probation but when it expressly removes all hope of shock probation upon conviction and sentence for certain offenses this is in the nature of an additional penalty. See *Durant v. United States*, 410 F.2d 689, 691 (1st Cir. 1969). Blondell was entitled to have the trial court consider his application for shock probation on its merits.

The conviction and sentence are affirmed. The refusal of the trial court to consider the application for shock probation on its merits is reversed. The cause is remanded with directions to consider the application without reference to KRS 533.060(1).

All concur.